**UNITED STATES DISTRICT COURT**　　　**SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| Lauren Davis, *on behalf of herself and others similarly situated,* | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 4:19-cv-1961 |
| Mindshare Ventures LLC, d/b/a AtlasRTX, and Trendmaker Homes, Inc., | § § § | |
| Defendants. | § § § | |

## CLASS ACTION COMPLAINT

### Nature of this Action

1.　　Lauren Davis ("Plaintiff") brings this class action against Mindshare Ventures LLC d/b/a AtlasRTX ("AtlasRTX") and Trendmaker Homes, Inc. ("Trendmaker"), under the Telephone Consumer Protection Act ("TCPA").

2.　　Upon information and good faith belief, AtlasRTX and Trendmaker routinely violate 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2) by using an automatic telephone dialing system to deliver non-emergency advertising and marketing text messages to telephone numbers assigned to a cellular telephone service without prior express written consent.

### Jurisdiction and Venue

3.　　This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4.　　Venue is proper before this Court under to 28 U.S.C. § 1391(b) as Trendmaker resides in this district, and as a significant portion of the transactions giving rise to this action occurred in Texas.

**Parties**

5.      Plaintiff is a natural person who at all relevant times resided in Dallas, Texas.

6.      AtlasRTX is a computer software company, based in Park City, Utah, and operated by Mindshare Ventures LLC, which is a consulting company also based in Park City, Utah.

7.      Trendmaker is a home builder based in Houston, Texas.

8.      Trendmaker operates as a subsidiary of Tri Pointe Group, Inc.

9.      Tri Pointe Group, Inc. is a publicly traded company, based in Irvine, California, and listed on the New York Stock Exchange as TPH.

**Factual Allegations**

10.     Plaintiff is (and has been at all times relevant to this action) the regular and sole user of her cellular telephone number—(214) 471-XXXX.

11.     On February 7, 2019, at 3:22 pm, Plaintiff received the following text message on her cellular telephone:

> Hello Lauren, this is Trendmaker Homes and we are excited to announce that our Texas Sized Savings event is back! From now until 2/28/19 we are offering: 1/2 price earnest deposits, $5k in closing costs & increased savings on ALL quick move-in homes!
>
> Click below to view eligible homes, and text here or call Sydney at 972-734-8779 to schedule a VIP tour.
>
> http://go.atlasrtx.com/rd?eid=920741&a=ctac

12.     A copy of the full February 7, 2019 text message is attached as Exhibit A.

13.     When dialed, telephone number (972) 734-8779 plays a recorded message that begins: "Thank you for calling Trendmaker Homes . . . ."

14.     When clicked, http://go.atlasrtx.com/rd?eid=920741&a=ctac links to a website operated by Trendmaker.

15.     A copy of the home page for the website operated by Trendmaker is attached as Exhibit B.

16.     AtlasRTX delivers "SMS text and messages" and "automated . . . message[s] from an A.I. powered bot . . . ."[1]

17.     AtlasRTX describes a component of the system it uses to deliver SMS and text messages as its "SalesRTX bot."[2]

18.     AtlasRTX characterizes its engagement tactics as delivering "outreach messages to large audiences" by using "messages sent via SMS from a chatbot."[3]

19.     With reference to a home builder other than Trendmaker, AtlasRTX boasts: "AtlasRTX deployed chatbots has been one of the most successful lead generation campaigns for Magnolia Homes . . . ."[4]

---

[1]        https://www.atlasrtx.com/home-builder.

[2]        https://www.atlasrtx.com/chatbot-blog/2019/5/7/atlasrtx-and-homebuilders-match-made-in-heaven.

[3]        https://cdn2.hubspot.net/hubfs/2698995/Sales%20Acceleration%20Guide.pdf?__hstc=15931241.8bfd09d7ab99d7b00c0365f6c2e89d8e.1557951834982.1557951834982.1558019342433.2&__hssc=15931241.17.1558019342433&__hsfp=742102457.

[4]        https://www.atlasrtx.com/chatbot-blog/2019/5/7/atlasrtx-and-homebuilders-match-made-in-heaven.

20.     With reference to a different home builder other than Trendmaker, AtlasRTX boasts: "Another example of success with AtlasRTX is Woodside Homes. As you know the home building market is extremely competitive and it takes creativity to get ahead of the competition. Woodside homes realized the most effective way to do this was to implement a chatbot, specifically our SalesRTX bot."[5]

21.     With reference to Trendmaker, AtlasRTX promotes a video testimonial from a Trendmaker representative—recorded during a February 19-21, 2019 NAHB International Builders Show in Las Vegas, Nevada—who states, in part: "So we did a mass text message campaign to 3,000 D leads, aged leads, leads that nobody wanted to touch . . . ."[6]

22.     The visual presentation displayed while the Trendmaker representative spoke about Trendmaker's mass text campaign reads: "We incorporated a mass text campaign to ALL 3,000 AGED LEADS."[7]

23.     With reference to home buying in general, AtlasRTX states: "In this webinar we examine how home builders like you are leveraging artificial intelligence and mobile messaging to create real-world solutions that are making all of these issues a thing of the past."[8]

24.     AtlasRTX explains that "what we do in our platform is all of [the] texting happens from a centralized platform associated with the business . . . or the community . . . . Every business

---

[5]     *Id*.

[6]     *Id*.

[7]     *Id*.

[8]     http://try.atlasrtx.com/ibs-webinar.

we work with has either a phone number associated to the entire business or to a particular location . . . they have multiple offices and all of those communications come from that number . . . ."[9]

25.    Plaintiff did not give AtlasRTX or Trendmaker prior express written consent to send text messages to her cellular telephone number by using an automatic telephone dialing system.

26.    Upon information and good faith belief, AtlasRTX sent text messages to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class on behalf, for the benefit of, and at the direction of, Trendmaker.

27.    Upon information and good faith belief, and in light of the nature and character of the text messages at issue, AtlasRTX and Trendmaker sent their text message to Plaintiff's cellular telephone number (and those of the putative class members) by using an automatic telephone dialing system.

28.    Upon information and good faith belief, and in light of the nature and character of the text messages at issue, AtlasRTX and Trendmaker sent their text message to Plaintiff's cellular telephone number (and those of the putative class members') by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

29.    Upon information and good faith belief, AtlasRTX and Trendmaker sent their text message to Plaintiff's cellular telephone number (and those of the putative class members') for non-emergency purposes.

---

[9]    http://try.atlasrtx.com/lead-generation-webinar.

30.     Upon information and good faith belief, AtlasRTX and Trendmaker sent their text message to Plaintiff's cellular telephone number voluntarily.

31.     Upon information and good faith belief, AtlasRTX and Trendmaker sent their text message to Plaintiff's cellular telephone number under their own free will.

32.     Upon information and good faith belief, AtlasRTX and Trendmaker had knowledge that they were using an automatic telephone dialing system to send their text message to Plaintiff's cellular telephone number.

33.     The purpose of the text message that AtlasRTX and Trendmaker sent to Plaintiff's cellular telephone number was to advertise and market Trendmaker's business.

34.     Plaintiff suffered actual harm as a result of AtlasRTX and Trendmaker's text message in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

35.     Upon information and good faith belief, AtlasRTX and Trendmaker, as a matter of pattern and practice, use an automatic telephone dialing system to send text messages, absent prior express written consent, to telephone numbers assigned to a cellular telephone service.

**Class Action Allegations**

36.     Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom AtlasRTX and Trendmaker delivered, or caused to be delivered, a text message, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) within four years preceding the date of this complaint through the date of class certification.

37.     Excluded from the class are AtlasRTX and Trendmaker, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns,

and any entity in which AtlasRTX or Trendmaker has or had a controlling interest.

38.     Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

39.     The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

40.     As noted above, AtlasRTX and Trendmaker admit to having sent mass advertising and marketing text messages to at least 3,000 individuals.

41.     The members of the class are ascertainable because the class is defined by reference to objective criteria.

42.     In addition, the members of the class are identifiable in that, upon information and belief, their cellular telephone numbers, names, and addresses can be identified in business records maintained by AtlasRTX and Trendmaker, and by third parties.

43.     Plaintiff's claims are typical of the claims of the members of the class.

44.     As it did for all members of the class, AtlasRTX and Trendmaker used an automatic telephone dialing system deliver a text message to Plaintiff's cellular telephone number.

45.     Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of AtlasRTX and Trendmaker.

46.     Plaintiff's claims are based on the same theories as are the claims of the members of the class.

47.     Plaintiff suffered the same injuries as the members of the class.

48.     Plaintiff will fairly and adequately protect the interests of the members of the class.

49.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

50.     Plaintiff will vigorously pursue the claims of the members of the class.

51.     Plaintiff has retained counsel experienced and competent in class action litigation.

52.     Plaintiff's counsel will vigorously pursue this matter.

53.     Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

54.     The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

55.     Issues of law and fact common to all members of the class are:

    a.   AtlasRTX and Trendmaker's conduct, pattern, and practice as it pertains to delivering text messages;

    b.   AtlasRTX and Trendmaker's use of an automatic telephone dialing system as defined by the TCPA;

    c.   AtlasRTX and Trendmaker's violations of the TCPA;

    d.   Whether AtlasRTX and Trendmaker's text messages constitute advertising and marketing; and

    e.   The availability of statutory penalties.

56.     A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

57.     If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

58.     The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

59.     The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for AtlasRTX and Trendmaker.

60.     These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

61.     The damages suffered by each individual member of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

62.     The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

63.     There will be little difficulty in the management of this action as a class action.

64.     AtlasRTX and Trendmaker have acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

65.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-64

66.     A text message is a "call" as defined by the TCPA. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009); *Arredondo v. Flexi Corp.*, No. 5:17-CV-4, 2017 WL 7796192, at *1 (S.D. Tex. Aug. 18, 2017) ("Making a call using an automatic telephone dialing system triggers responsibility under the TCPA regardless of whether the recipient answers. . . . A text message to a cellular telephone qualifies as a 'call' for such purposes.").

67.     47 U.S.C. § 227(b)(1)(A)(iii) makes it "unlawful for any person within the United

States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . ."

68.     47 C.F.R. § 64.1200(a)(2) additionally states, with respect to advertisement and telemarketing calls—of which AtlasRTX and Trendmaker's text to Plaintiff is—that "[n]o person or entity may . . . [i]nitiate or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section, other than a call made with the prior express written consent of the called party . . . ."

69.     47 C.F.R. § 64.1200(f)(8) defines "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."

70.     AtlasRTX and Trendmaker violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2) by utilizing an automatic telephone dialing system to send an advertising and marketing text message to Plaintiff's cellular telephone number without prior express written consent.

71.     As a result of AtlasRTX and Trendmaker's violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2), Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Determining that this action is a proper class action;

b)   Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c)   Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d)   Adjudging and declaring that AtlasRTX and Trendmaker violated 47 U.S.C. § 227(b)(1)(A)(iii);

e)   Enjoining AtlasRTX and Trendmaker from continuing their violative behavior, including continuing to deliver text messages to Plaintiff's cellular telephone number, and to the cellular telephone numbers of the members of the class, without prior express written consent;

f)   Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

g)   Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

h)   Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i)   Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j)   Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any

and all triable issues.

Date: May 30, 2019                    */s/ Aaron D. Radbil*
                                      Aaron D. Radbil
                                      Greenwald Davidson Radbil PLLC
                                      401 Congress Avenue, Suite 1540
                                      Austin, Texas 78701
                                      Phone: (512) 803-1578
                                      Fax: (561) 961-5684
                                      aradbil@gdrlawfirm.com

                                      *Counsel for Plaintiff and the proposed class*