# EXHIBIT A

**UNITED STATES DISTRICT COURT**      **SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| Lauren Davis, *on behalf of herself and others similarly situated*, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 4:19-cv-1961 |
| Mindshare Ventures LLC, d/b/a AtlasRTX, Trendmaker Homes DFW, LLC, and Trendmaker Homes, Inc., | § § § § | |
| Defendants. | § | |

**DECLARATION OF AARON D. RADBIL IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Pursuant to 28 U.S.C. § 1746, I declare as follows:

1.     My name is Aaron D. Radbil.

2.     I am over twenty-one years of age.

3.     I am fully competent to make the statements included in this declaration.

4.     I have personal knowledge of the statements included in this declaration.

5.     I am a partner at Greenwald Davidson Radbil PLLC ("GDR").

6.     I am counsel for Lauren Davis ("Plaintiff").

7.     I am admitted to practice before this Court.

8.     I submit this declaration in support of Plaintiff's unopposed motion for preliminary approval of the parties' class action settlement.

**GDR**

9.     GDR has been appointed class counsel in a number of class actions under the

Telephone Consumer Protection Act ("TCPA"), including:

- *Sheean v. Convergent Outsourcing, Inc.*, 2019 WL 6039921 (E.D. Mich. Nov. 14, 2019);

- *Knapper v. Cox Commc'ns, Inc.*, 329 F.R.D. 238 (D. Ariz. 2019);

- *Williams v. Bluestem Brands, Inc.*, 2019 WL 1450090 (M.D. Fla. Apr. 2, 2019);

- *Reyes v. BCA Fin. Servs., Inc.*, 2018 WL 3145807 (S.D. Fla. June 26, 2018), *reconsideration denied*, 2018 WL 5004864 (S.D. Fla. Oct. 15, 2018);

- *Martinez, et al., v. Medicredit, Inc.*, No. 4:16-cv-01138 ERW, Doc. 95 (E.D. Mo. Dec. 15, 2017);

- *Johnson v. NPAS Solutions, LLC*, 2017 WL 6060778 (S.D. Fla. Dec. 4, 2017);

- *Luster v. Wells Fargo Dealer Servs., Inc.*, No. 1:15-cv-01058-TWT, Doc. 80 (N.D. Ga. Nov. 8, 2017);

- *Prather v. Wells Fargo Bank, N.A.*, No. 1:15-cv-04231, Doc. 55 (N.D. Ga. Aug. 31, 2017);

- *Johnson v. Navient Solutions, Inc.*, No. 1:15-cv-00716-LJM-MJD, Doc. 177 (S.D. Ind. July 13, 2017);

- *James v. JPMorgan Chase Bank, N.A.*, 2017 WL 2472499 (M.D. Fla. June 5, 2017);

- *Schwyhart v. AmSher Collection Servs., Inc.*, 2017 WL 1034201 (N.D. Ala. Mar. 17, 2017);

- *Cross v. Wells Fargo Bank, N.A.*, No. 1:15-cv-01270-RWS, Doc. 103 (N.D. Ga. Feb. 10, 2017);

- *Markos v. Wells Fargo Bank, N.A.*, No. 1:15-cv-01156-LMM, Doc. 90 (N.D. Ga. Jan. 30, 2017);

- *Prater v. Medicredit, Inc. and The Outsource Grp., Inc.*, 2015 WL 8331602 (E.D. Mo. Dec. 7, 2015);

- *Jones v. I.Q. Data Int'l, Inc.*, 2015 WL 5704016 (D.N.M. Sept. 23, 2015); and

- *Ritchie v. Van Ru Credit Corp.*, 2014 WL 3955268 (D. Ariz. Aug. 13, 2014).

10.     As class counsel in these TCPA actions, GDR helped to recover over $100 million for class members.

11.     During the past five years, GDR has also been appointed class counsel in dozens of class actions under consumer protection statutes other than the TCPA, such as the Fair Debt Collection Practices Act ("FDCPA"), including:

- *Dickens on behalf of estate of Dickens v. GC Servs. Ltd. P'ship*, 2019 WL 2280456 (M.D. Fla. May 28, 2019);

- *Kagno v. Bush Ross, P.A.*, 2017 WL 6026494 (M.D. Fla. Dec. 4. 2017);

- *Johnston v. Kass Shuler, P.A.*, 2017 WL 1231070 (M.D. Fla. Mar. 29, 2017);

- *Jallo v. Resurgent Capital Servs., L.P.*, 2017 WL 914291 (E.D. Tex. Mar. 7, 2017);

- *Macy v. GC Servs. Ltd. P'ship*, 2017 WL 489420 (W.D. Ky. Feb. 6, 2017);

- *Rhodes v. Nat'l Collection Sys., Inc.*, 317 F.R.D. 579 (D. Colo. 2016);

- *McCurdy v. Prof'l Credit Serv.*, 2016 WL 5853721 (D. Or. Oct. 3, 2016);

- *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673 (N.D. Cal. 2016);

- *Globus v. Pioneer Credit Recovery, Inc.*, 2016 WL 4069285 (W.D.N.Y. July 27, 2016);

- *McWilliams v. Advanced Recovery Sys., Inc.*, 310 F.R.D. 337 (S.D. Miss. 2015);

- *Rhodes v. Olson Assocs., P.C., d/b/a Olson Shaner*, 83 F. Supp. 39 1096 (D. Colo. 2015);

- *Roundtree v. Bush Ross, P.A.*, 304 F.R.D 644 (M.D. Fla. 2015); and

- *Donnelly v. EquityExperts.org, LLC*, No. 13-10017, 2015 WL 249522 (E.D. Mich. Jan. 14, 2015).

12.     Multiple district courts have commented on GDR's useful knowledge and experience in connection with class action litigation.

13.     For example, in *Schwyhart v. AmSher Collection Servs., Inc.*, Judge John E. Ott, Chief Magistrate Judge of the Northern District of Alabama, stated upon granting final approval of a TCPA settlement in which he appointed GDR as class counsel:

> I cannot reiterate enough how impressed I am with both your handling of the case, both in the Court's presence as well as on the phone conferences, as well as in the

written materials submitted. . . . I am very satisfied and I am very pleased with what I have seen in this case. As a judge, I don't get to say that every time, so that is quite a compliment to you all, and thank you for that.

No. 2:15-cv-1175-JEO (N.D. Ala. Mar. 15, 2017).

14.     In *Ritchie v. Van Ru Credit Corp.*, Judge Stephen McNamee, Senior U.S. District Court Judge for the District of Arizona, stated upon granting final approval of the TCPA class settlement at issue:

I want to thank all of you. It's been a pleasure. I hope that you will come back and see us at some time in the future. And if you don't, I have a lot of cases I would like to assign you, because you've been immensely helpful both to your clients and to the Court. And that's important. So I want to thank you all very much.

Case No. CIV-12-1714 (D. Ariz. July 21, 2014).

15.     In *McWilliams v. Advanced Recovery Sys., Inc.*, Judge Carlton W. Reeves of the Southern District of Mississippi described GDR as follows:

More important, frankly, is the skill with which plaintiff's counsel litigated this matter. On that point there is no disagreement. Defense counsel concedes that her opponent—a specialist in the field who has been class counsel in dozens of these matters across the country—'is to be commended for his work' for the class, 'was professional at all times' . . . , and used his 'excellent negotiation skills' to achieve a settlement fund greater than that required by the law.

The undersigned concurs . . . Counsel's level of experience in handling cases brought under the FDCPA, other consumer protection statutes, and class actions generally cannot be overstated.

No. 3:15-CV-70-CWR-LRA, 2017 WL 2625118, at *3 (S.D. Miss. June 16, 2017).

16.     Similarly, in *Roundtree v. Bush Ross, P.A.*, Judge James D. Whittemore of the Middle District of Florida wrote, in certifying three separate classes and appointing GDR class counsel: "Greenwald [Davidson Radbil PLLC] has been appointed as class counsel in a number of actions and thus provides great experience in representing plaintiffs in consumer class actions." 304 F.R.D at 661.

4

17.     As well, Judge Steven D. Merryday of the Middle District of Florida wrote in appointing GDR class counsel in *James v. JPMorgan Chase Bank, N.A.* that "Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC, each . . . has significant experience litigating TCPA class actions." 2016 WL 6908118, at *1.

18.      In *Bellum v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, Judge C. Darnell Jones II of the Eastern District of Pennsylvania took care to point out that GDR was appointed as class counsel "precisely because of their expertise and ability to represent the class in this matter." 2016 WL 4766079, at *5 (E.D. Pa. Sept. 13, 2016).

19.     And in *Donnelly v. EquityExperts.org, LLC*, Judge Terrence G. Berg of the Eastern District of Michigan stated upon approving an FDCPA class action settlement and appointing GDR as class counsel:

> [W]e see a fair number of FDCPA cases that are not necessarily at this level of sophistication or seriousness but I think that the—both sides appear to have really approached this with a positive attitude in trying to reach a settlement that from what I can see, appears to be the right thing to do in a reasonable and appropriate way.

Transcript of Hearing on Motion for Final Approval of Class Action Settlement, No. 13-10017, at 16 (E.D. Mich. Jan. 14, 2015).

20.     Additional information about GDR is available at www.gdrlawfirm.com.

**Aaron D. Radbil**

21.     I graduated from the University of Arizona in 2002 and from the University of Miami School of Law in 2006.

22.     I have extensive experience litigating consumer protection class actions, including those under the TCPA and FDCPA.

23.     In addition to my experience litigating consumer protection class actions, I have

briefed, argued, and prevailed on a variety of issues of significant consumer interest before federal courts of appeals, including, for instance:

- *Dickens v. GC Servs. Ltd. P'ship*, No. 16-17168, 2017 WL 3616345 (11th Cir. Aug. 23, 2017);

- *Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068 (9th Cir. 2016);

- *Lea v. Buy Direct, L.L.C.*, 755 F.3d 250 (5th Cir. 2014);

- *Payne v. Progressive Fin. Servs., Inc.*, 748 F.3d 605 (5th Cir. 2014);

- *Stout v. FreeScore, LLC*, 743 F.3d 680 (9th Cir. 2014);

- *Yunker v. Allianceone Receivables Mgmt., Inc.*, 701 F.3d 369 (11th Cir. 2012);

- *Guajardo v. GC Servs., LP*, No. 11-20269, 2012 WL 5419505 (5th Cir. Nov. 7, 2012);

- *Sorensen v. Credit Int'l Corp.*, 475 F. App'x 244 (9th Cir. 2012);

- *Ponce v. BCA Fin. Serv., Inc.*, 467 F. App'x 806 (11th Cir. 2012);

- *Talley v. U.S. Dep't of Agric.*, 595 F. 3d 754 (7th Cir. 2010), *reh'g en banc granted, opinion vacated* (June 10, 2010), *on rehearing en banc* (September 24, 2010), *decision affirmed*, No. 09-2123, 2010 WL 5887796 (7th Cir. Oct. 1, 2010); and

- *Oppenheim v. I.C. Sys., Inc.*, 627 F. 3d 833 (11th Cir. 2010).

**Michael L. Greenwald**

24.     Mr. Greenwald graduated from the University of Virginia in 2001 and Duke University School of Law in 2004.

25.     Prior to forming GDR, Mr. Greenwald spent six years as a litigator at Robbins Geller Rudman & Dowd LLP ("Robbins Geller")—one of the nation's largest plaintiff's class action firms, where he focused on complex class actions, including securities and consumer protection litigation.

26.     While at Robbins Geller, Mr. Greenwald served on the litigation teams responsible

for the successful prosecution of numerous class actions, including: *In re Evergreen Ultra Short Opportunities Fund Sec. Litig.* (D. Mass.); *In re Red Hat, Inc. Sec. Litig.* (E.D.N.C.); *City of Ann Arbor Emps.' Ret. Sys. v. Sonoco Prods. Co.* (D.S.C.); *Norfolk Cnty. Ret. Sys. v. Ustian* (N.D. Ill.); *Romero v. U.S. Unwired, Inc.* (E.D. La.); *Lefkoe v. Jos. A. Bank Clothiers, Inc.* (D. Md.); and *In re Odimo, Inc. Sec. Litig.* (Fla.)*.*

27.     Mr. Greenwald started his career as an attorney at Holland & Knight LLP.

**James L. Davidson**

28.     Mr. Davidson graduated from the University of Florida in 2000 and the University of Florida Fredric G. Levin College of Law in 2003.

29.     He has been appointed class counsel in a host of consumer protection class actions.

30.     Prior to forming GDR, Mr. Davidson spent five years as a litigator at Robbins Geller, where he focused on complex class actions, including securities and consumer protection litigation.

31.     While at Robbins Geller, Mr. Davidson served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *Local 731 I.B. of T. Excavators and Pavers Pension Trust Fund v. Swanson*; *In re Pet Food Prods. Liability Litig.*; *In re Mannatech, Inc. Sec. Litig.*; *In re Webloyalty, Inc. Mktg. and Sales Practices Litig.*; and *In re Navisite Migration Litig.*

**Jesse S. Johnson**

32.     Mr. Johnson earned his Bachelor of Science degree in Business Administration from the University of Florida, where he graduated magna cum laude in 2005.

33.     He earned his Juris Doctor degree with honors from the University of Florida Fredric G. Levin College of Law in 2009, along with his Master of Arts in Business Administration

from the University of Florida Hough Graduate School of Business the same year.

34.    While an attorney at GDR, Mr. Johnson has been appointed class counsel in more than a dozen consumer protection class actions, including:

- *Spencer v. #1 A LifeSafer of Arizona LLC*, 2019 WL 1034451 (D. Ariz. Mar. 4, 2019);

- *Aikens v. Mortgage Default Services, LLC*, No. 2:17-cv-01519-RSL, Doc. 47 (W.D. Wash. Sept. 7, 2018);

- *Smith v. Cohn, Goldberg & Deutsch, LLC*, No. 1:17-cv-02291-RDB, Doc. 25 (D. Md. Mar. 8, 2018)**;**

- *Kagno v. Bush Ross, P.A.*, 2017 WL 6026494 (M.D. Fla. Dec. 4, 2017)*;*

- *Johnston v. Kass Shuler, P.A.*, 2017 WL 1231070 (M.D. Fla. Mar. 29, 2017);

- *Considine v. Sharinn & Lipshie, P.C.*, 2017 WL 1233845 (E.D.N.Y. Mar. 29, 2017);

- *Cobb v. Edward F. Bukaty, III, PLC*, 2017 WL 424904 (E.D. La. Jan. 27, 2017);

- *Fenderson v. Frederick J. Hanna & Assocs., P.C.*, No. 1:15-cv-00964-ODE-JFK, Doc. 52 (N.D. Ga. Oct. 17, 2016);

- *Marcoux v. Susan J. Szwed, P.A.*, 2016 WL 5720713 (D. Me. Oct. 3, 2016);

- *Durham v. Schlee & Stillman, LLC*, No. 8:15-cv-01652-GJH, Doc. 23 (D. Md. Oct. 3, 2016);

- *Kausch v. Berman & Rabin, P.A.*, 2016 WL 3944685 (E.D. Mo. July 8, 2016);

- *Schell v. Frederick J. Hanna & Assocs., P.C.*, 2016 WL 3654472 (S.D. Ohio July 8, 2016);

- *Kemper v. Andreu, Palma & Andreu, PL*, 2016 WL 3545935 (S.D. Fla. June 23, 2016);

- *Chamberlin v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, No. 15-2361, Doc. 44 (D.N.J. June 2, 2016);

- *Hall v. Frederick J. Hanna & Assocs., P.C.*, 2016 WL 2865081 (N.D. Ga. May 10, 2016);

- *Lehmeyer v. Messerli & Kramer, P.A.*, 2016 WL 1576439 (D. Minn. Apr. 15, 2016);

- *Garza v. Mitchell Rubenstein & Assocs., P.C.*, 2015 WL 9594286 (D. Md. Dec. 28, 2015); and

- *Baldwin v. Glasser & Glasser, P.L.C.*, 2015 WL 7769207 (E.D. Va. Dec. 1, 2015).

35.     Mr. Johnson started his legal career as an associate at Robbins Geller, where he served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, No. 1:11-cv-08332 (N.D. Ill.); *Eshe Fund v. Fifth Third Bancorp*, No. 1:08-cv-00421 (S.D. Ohio); *City of St. Clair Shores Gen. Emps.' Ret. Sys. v. Lender Processing Servs., Inc.*, No. 3:10-cv-01073 (M.D. Fla.); and *In re Synovus Fin. Corp.*, No. 1:09-cv-01811 (N.D. Ga.).

### Alexander D. Kruzyk

36.     Alexander D. Kruzyk earned his Bachelor of Management and Organizational Studies from the University of Western Ontario in 2011 and his Juris Doctor degree with honors from the University of Florida Fredric G. Levin College of Law in 2014.

37.     Prior to joining GDR in 2017, Mr. Kruzyk was an associate with Robbins Geller.

### Summary of Procedural History

38.     On June 3, 2019, Plaintiff filed her class action complaint against Defendants, through which she alleged violations of the TCPA. ECF No. 1.

39.     Defendants then filed their motion for a more definite statement. ECF No. 15.

40.     Upon receiving additional information from Defendants through the discovery process, Plaintiff subsequently filed her amended class action complaint. ECF No. 16.

41.     Defendants next filed their motion to dismiss, ECF No. 19, and motion to stay. ECF No. 20.

42.     Plaintiff, in turn, filed a stipulation to dismiss counts II and IV of her amended complaint, ECF No. 21, and a response to Defendants' motion to stay. ECF No. 23.

43.     On September 26, 2019, Plaintiff served Defendants with written discovery

requests, including seventeen interrogatories, forty-four requests for production, and twelve requests for admission.

44.     Defendants later filed answers to Plaintiff's amended class action complaint. ECF Nos. 28, 29.

45.     Upon receiving additional information from Defendants through the discovery process, Plaintiff filed her second amended class action complaint. ECF No. 34.

46.     On December 11, 2019, the parties mediated this matter with Bruce Friedman, Esq., of JAMS.

47.     Weeks later, after continued negotiation, the parties reached an agreement to resolve this matter.

### Summary of the Settlement

48.     The parties agreed to resolve this matter on behalf of the following class:

> All persons throughout the United States (1) to whom Trendmaker DFW or AtlasRTX, on behalf of Trendmaker DFW or Trendmaker Homes, sent, or caused to be sent, a text message, (2) directed to a number assigned to a cellular telephone service, (3) from May 30, 2015 through December 11, 2019, (4) using the AtlasRTX platform/services.

49.     Defendants represent that the class includes approximately 9,863 members.

50.     To compensate class members, Defendants will create a non-reversionary common fund.

51.     The amount of the fund will be $1.3 million.

52.     Paid from the common fund will be: compensation to class members; the cost of notice to class members, and claims administration for class members; litigation costs and expenses, for which Plaintiff's counsel will petition this Court; reasonable attorneys' fees, calculated as a percentage of the common fund, for which Plaintiff's counsel will petition this

Court; and an incentive award to Plaintiff, for which Plaintiff will petition this Court.

53.     A third-party claims administrator will mail notice of the parties' settlement directly to class members, together will a detachable claim form that class members can use to submit claims.

54.     After a competitive bidding process, the parties have selected KCC, LLC as the claims administrator.

55.     The claims administrator will also establish a website that provides information about the settlement, and through which class members can submit claims electronically.

56.     As well, the claims administrator will set up a toll-free number that provides information about the settlement, and through which class members can submit claims by telephone.

57.     Each class member who submits a valid, approved claim will be entitled to a *pro rata* share of the non-reversionary common fund after deducting costs and expenses of providing notice of, and administrating the settlement; an award of attorneys' fees, subject to this Court's approval; reimbursement of litigation costs and expenses, subject to this Court's approval; and Plaintiff's incentive award, subject to this Court's approval.

58.     Any class member who wishes to exclude himself or herself from the settlement can submit a request for exclusion.

59.     Likewise, any class member who wishes to object to the settlement can submit an objection.

60.     Upon this Court's entry of a final judgment, Plaintiff and each non-excluded class member will release and forever discharge claims they have against Defendants under the TCPA and related state laws that regulate the use of automatic dialing equipment.

### Opinion of Plaintiff and her Counsel

61.     Given the meaningful recovery for the class, considering that the settlement compares favorably with other TCPA class action settlements, and understanding the risks associated with continued litigation, Plaintiff and her counsel firmly believe that the settlement is fair, reasonable, and adequate, and in the best interests of class members.

### GDR's Willingness and Ability to Protect Absent Class Members

62.     GDR has, and will continue to, vigorously protect the interests of the members of the proposed class.

63.     GDR has advanced all costs necessary to successfully prosecute this action.

### Settlement Documents

64.     Attached is a true and correct copy of the settlement agreement and its exhibits.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 14, 2020                    /s/ Aaron D. Radbil
                                                  Aaron D. Radbil

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| Lauren Davis, *on behalf of herself and others similarly situated,* | § § § | |
| Plaintiff, | § § | Civil Action No. 4:19-cv-1961 |
| vs. | § § | JUDGE CHARLES ESKRIDGE |
| Mindshare Ventures LLC, d/b/a AtlasRTX, and Trendmaker Homes, Inc., | § § § | |
| Defendants. | § | |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into between and among the following parties, by and through their respective counsel: Plaintiff Lauren Davis ("Plaintiff" or "Class Representative"), on behalf of herself and the Settlement Class, and Defendants Trendmaker Homes, Inc. ("Trendmaker Homes"), Trendmaker Homes DFW, L.L.C. ("Trendmaker DFW") (Trendmaker Homes and Trendmaker DFW are collectively, "Trendmaker") and Mindshare Ventures, LLC d/b/a AtlasRTX ("AtlasRTX") (collectively with Trendmaker, the "Defendants"). Plaintiff and Defendants will sometimes be referred to together as the "Parties," or, individually, as a "Party."

WHEREAS, on May 30, 2019, Plaintiff filed the Class Action Complaint (the "Complaint") on behalf of herself and a putative class in the lawsuit styled *Lauren Davis v. Mindshare Ventures LLC d/b/a AtlasRTX, et al.*, Case No. 4:19-cv-1961 (S.D. Tex.) (the "Action"), which asserts claims under the Telephone Consumer Protection Act ("TCPA"), and which was last amended on December 4, 2019 to add Trendmaker DFW as a defendant;

WHEREAS, Plaintiff alleges that she and members of the putative class received text messages from or on behalf of the Defendants without the requisite prior express consent, which allegedly harmed her and the putative class members (the "Allegations");

WHEREAS, Plaintiff alleges that, as a result of the Allegations, she and other similarly situated individuals are entitled to injunctive relief, statutory damages, treble damages, attorneys' fees and costs;

WHEREAS, Defendants deny such Allegations, deny liability under any pleaded legal theory and deny that Plaintiff is entitled to any relief;

WHEREAS, on December 11, 2019, the Parties and their counsel participated in a mediation in Los Angeles, California with JAMS mediator Bruce A. Friedman, Esq.,  in an attempt

2

to resolve the Action on a class-wide basis while avoiding the cost, delay, and uncertainty of further litigation, trial and appellate practice;

WHEREAS, the Parties' counsel and Defendants' representatives reached a mediated agreement to resolve the Action on a class-wide basis;

WHEREAS, for settlement purposes only, Plaintiff requests that the Court certify the Settlement Class and appoint her as Class Representative and her lawyer—Aaron D. Radbil of Greenwald Davidson Radbil PLLC—as Class Counsel in this case;

WHEREAS, based on their investigation and discovery in the Action and the experience of Class Counsel, Plaintiff and Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to, and in the best interest of, the Settlement Class; and

WHEREAS, Defendants deny any and all liability or wrongdoing to the Class Representative and to the Settlement Class. Nonetheless, Defendants have concluded that further litigation would be protracted and expensive, have taken into account the uncertainty and risks inherent in this Action, and have determined that it is desirable that the Action and the Allegations be fully, completely, and finally settled in the manner and on the terms set forth herein.

NOW, THEREFORE, in exchange for the mutual covenants and promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties and their counsel agree that the Action shall be settled, compromised, and/or dismissed and with prejudice on the terms and conditions in this Agreement, and without costs (except as provided herein), subject to Court approval of this Agreement after a hearing and on finding that it is a fair, reasonable, and adequate settlement.

## I.  <u>**DEFINITIONS**</u>

In addition to the terms defined above and at other places in this Agreement, the following defined terms have the meaning set forth below:

A.      "Administrator" means KCC, LLC ("KCC"), which, subject to Court approval, shall be responsible for administrative tasks, which may include, without limitation: (a) arranging for distribution of the Class Notice and Claim Form to Settlement Class Members; (b) making any mailings to Settlement Class Members required under this Agreement; (c) forwarding written inquiries from Settlement Class Members to Class Counsel or their designee; (d) establishing the Settlement Website; (e) receiving and processing Settlement Claims Forms and distributing payments to Settlement Class Members; and (f) otherwise assisting with implementing and administrating this Agreement, subject in all cases to approval by Class Counsel and Counsel for Defendant. Class Counsel and Counsel for Defendant may, by agreement, substitute a different entity as Administrator, subject to approval by the Court if the Court has previously approved the Settlement preliminarily or finally. In the absence of agreement, either Class Counsel or Defendant may move the Court to substitute a different entity as Administrator on a showing of good cause.

B.      "Agreement" means this Settlement Agreement and Release and all attachments and exhibits hereto.

C.      "Attorneys' Fees and Expenses" means the total recovery that may be awarded to Class Counsel to compensate them for all attorneys' fees, costs, and adequately supported expenses of any kind (including, but not limited to, mediation fees, travel, filing fees, court reporter, and videographer expenses, expert fees and costs, and document review and production costs) incurred by Plaintiff or Class Counsel in connection with the Action.

4

D.      "Claim" means a written request for a Claim Settlement Payment submitted by a Settlement Class Member to the Administrator in exchange for a release.

E.      "Claim Deadline" means the last date by which a Claim submitted to the Administrator by a Settlement Class Member for a Claim Settlement Payment must be postmarked or uploaded.  All Claims postmarked or uploaded before the Claim Deadline shall be timely, and all Claims postmarked or uploaded after the Claim Deadline shall be untimely and barred from entitlement to any Claim Settlement Payment.

F.      "Claim Form" means the form attached as **<u>Exhibit 1</u>** to this Agreement and/or as ultimately approved by the Court.

G.      "Claim Settlement Check" means the check containing the Claim Settlement Payment for each Settlement Class Member who submits a valid and timely Claim.

H.      "Claim Settlement Payment" means the payment to be made to Settlement Class Members who submit properly completed and timely Claim Forms to the Administrator, does not object or opt-out, and who otherwise qualify for such relief under this Agreement.

I.      "Claimant" means any Settlement Class Member who submits a Claim in accordance with this Agreement.

J.      "Class Counsel" means: Aaron D. Radbil, Greenwald Davidson Radbil PLLC, 401 Congress Avenue, Suite 1540, Austin, Texas 78701.

K.      "Class Notice" means the program of notice described in Section III(B) of this Agreement to be provided to Settlement Class Members, which will notify Settlement Class Members about the details of the Settlement.

L.      "Class Notice Date" means the last date on which Class Notice can be disseminated, which shall be set by the Court in the Preliminary Approval Order as approximately thirty (30)

days after entry of the Preliminary Approval Order.

M.     "Class Period" means the time period from May 30, 2015 through December 11, 2019.

N.     "Confidential Information" means proprietary or commercially sensitive information or personal information subject to state and federal privacy laws that the Parties agree to protect in this Agreement from disclosure and dissemination to the public or any third-party or entity other than the Administrator.

O.     "Counsel for Defendants" or "Counsel for Defendant" means: Ana Tagvoryan, Blank Rome LLP, 2029 Century Park East, 6th Floor, Los Angeles, California 90067 and Joshua A. Huber, Blank Rome LLP, 717 Texas Avenue, Suite 1400, Houston, Texas 77002.

P.     "Court" means the U.S. District Court for the Southern District of Texas, Houston Division that is assigned to and presiding over the Action.

Q.     "Days" means calendar days, except that, when computing any period of time under this Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included. Further, when computing any period of time under this Agreement, the last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday.

R.     "Effective Date" means the day on which the Final Approval Order becomes final.

S.     "Final Approval Hearing" means a hearing set by the Court, at least 105 days after entry of the Preliminary Approval Order, for the purpose of: (i) determining the fairness, adequacy, and reasonableness of this Agreement and associated settlement administration in accordance with class action procedures and requirements; and (ii) entering the Final Approval Order.

T.     "Final" or "Final Judgment" as used in this Agreement means the later of the date that (i) the time has run for any appeals from the Final Approval Order or (ii) any such appeals have been dismissed or resolved in favor of approving, or affirming the approval of, this Agreement.

U.     "Final Approval Order" means the order and judgment to be entered by the Court, substantially in the form, and without material change to, the order attached hereto as **Exhibit 3**, approving this Agreement as fair, adequate, and reasonable and in the best interests of the Settlement Class as a whole in accordance with the Federal Rules of Civil Procedure, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement, including granting Final Approval to the Settlement and ruling on Class Counsel's application for attorneys' fees and expenses and the Service Award for the Class Representative. If the Court enters separate orders addressing the matters set forth in this paragraph, then the Final Approval Order includes all such orders.

V.     "Long-Form Notice" means the notice that is made available on the Settlement Website and upon request from the Administrator, in substantially the form attached as **Exhibit 2** to this Agreement.

W.     "Mail Notice" means the postcard individual notice that is mailed by the Administrator to Settlement Class Members, in substantially the form attached as **Exhibit 4** to this Agreement.

X.     "Notice and Administrative Costs" means the reasonable costs and expenses authorized by the Court and approved by Class Counsel and Counsel for Defendants of disseminating the Class Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Administrator in administering the

Settlement, including, but not limited to, costs and expenses associated with determining mailing addresses for Settlement Class Members, assisting Settlement Class Members, processing claims, escrowing funds, and issuing and mailing Settlement Payments.

Y.      "Objection Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Settlement Class Member must serve written objections, if any, to the Settlement to be able to object to the Settlement. The Objection Deadline shall be seventy-five (75) days after entry of  the Preliminary Approval Order.

Z.      "Opt-Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Request for Exclusion must be filed in writing with Class Counsel (or the Administrator) for a Settlement Class Member to be excluded from the Settlement Class. The Opt-Out Deadline shall be seventy-five (75) days after entry of the Preliminary Approval Order.

AA.     "Preliminary Approval Order" means an order to be entered by the Court provisionally certifying the Settlement Class and granting preliminary approval to the Settlement, substantially in the form attached hereto as **Exhibit 5,** without material change.

BB.     "Released Claims" means all claims for relief, whether known or unknown, suspected or unsuspected, that arise out of, concern or relate to the Telephone Consumer Protection Act ("TCPA") and other related state laws regarding telemarketing and/or the use of an automatic telephone dialing system to make calls, as of the date of a final Court order approving the Settlement and dismissing the case with prejudice, and which arise from calls made or text messages sent by or on behalf of Defendants to Settlement Class Members.

CC.     "Released Parties" means Trendmaker Homes, Trendmaker DFW and AtlasRTX, and each of their respective affiliates, representatives, parents, subsidiaries, agents, insurers, officers, employees, predecessors, successors and assigns.

DD.     "Request for Exclusion" means a written request from a Settlement Class Member that seeks to exclude the Settlement Class Member from the Settlement Class.

EE.     "Service Award" means any approved payment to the Class Representative.

FF.     "Settlement" means the settlement set forth in this Agreement.

GG.     "Settlement Amount" means the total sum of one million three hundred thousand dollars ($1,300,000.00) Defendants agree to pay to the Settlement Fund to settle this case pursuant to this Agreement.

HH.     "Settlement Class" means all members of the class of persons in this Action that will be certified by the Court for settlement purposes as follows:

> All persons throughout the United States (1) to whom Trendmaker DFW or AtlasRTX, on behalf of Trendmaker DFW or Trendmaker Homes, sent, or caused to be sent, a text message, (2) directed to a number assigned to a cellular telephone service, (3) from May 30, 2015 through December 11, 2019, (4) using the AtlasRTX platform/services.

The Settlement Class consists of approximately 9,863 members and excludes the following: (1) the trial judge presiding over this case; (2) Defendants, as well as any parent, subsidiary, affiliate, or control person of Defendants, and their officers, directors, agents, servants, or employees of Defendants; (3) any of the Released Parties; (4) any Settlement Class Member who has timely opted out of this proceeding; and (5) Plaintiff's Counsel, their employees, and their immediate family.

II.     "Settlement Class Data" means data relating to the text messages which were sent by Defendants, according to Defendants' records. The Settlement Class Data shall be treated as Confidential Information.

JJ.     "Settlement Class Member(s)" means any member of the Settlement Class.

KK.     "Settlement Class Payment List" means the list of all Settlement Class Members who filed a Claim; whether the Claim was rejected or accepted, and, if rejected, the reason it was rejected; the address to which the Claim Settlement Check shall be sent; and the total amount of Claim Settlement Payments to be made.

LL.     "Settlement Fund" means the Settlement Amount paid by Defendant into a non-reversionary common fund, to be used, subject to the Court's approval, for payment of all Settlement Payments, all Attorneys' Fees and Expenses, all Notice and Administration Costs, and any Service Award in settlement in full of this Action.

MM.    "Settlement Website" means the website prepared by the Administrator in connection with the process of providing Class Notice to Settlement Class Members.

## II.     SETTLEMENT TERMS

### A.     Certification of Settlement Class and Conditional Nature of Agreement

For settlement purposes only, Defendants conditionally agree and consent to certification of the Settlement Class. Defendants' conditional agreement is contingent on: (i) the Parties' execution of this Agreement, (ii) the Court's entry of the Final Approval Order, and (iii) the Final Approval Order becoming Final. Except as provided below, if this Agreement, for any reason, does not receive Final Approval, if the Final Approval Order does not become Final, or if the Agreement is otherwise validly terminated per the terms of this Agreement, it shall be null and void, it shall be of no force or effect whatsoever, it shall not be referred to or used for any purpose

whatsoever, and the negotiation, terms, and entry of the Agreement shall remain inadmissible under the Federal Rules of Civil Procedure, Federal Rule of Evidence 408, and any applicable state law or rule of civil procedure or evidence.

Defendants deny all claims, liability, damages, losses, penalties, interest, fees, restitution, and all other forms of relief that were or could have been sought in the Action, as well as all class action allegations asserted in the Action. Defendants have agreed to resolve this Action through this Agreement, but if this Agreement is deemed void or Final Approval does not occur, Defendants do not waive, but rather expressly reserve, all rights to challenge all such claims and allegations in the Action on all available procedural, evidentiary, and factual grounds, including, without limitation, the ability to challenge on any grounds whether any class can be certified and to assert any and all defenses or privileges. The Class Representative and Class Counsel agree that Defendants retain and reserve all of these rights and agree not to take a position to the contrary.

### B. Settlement Class Relief

#### 1. Settlement Fund

Within seven (7) days of the Effective Date, Defendants shall deposit the Settlement Amount into an interest-bearing account maintained by the Claims Administrator. The Settlement Fund may be used, subject to the Court's approval, to cover payment of all Notice and Administration Costs, all approved Attorneys' Fees and Expenses, any Service Award and all Claim Settlement Payments.

Each Settlement Class Member shall look solely to the Settlement Fund for satisfaction of all Released Claims as provided in this Agreement.  Defendants shall have no obligation to make any other or further payments to Plaintiff or to any Settlement Class Member.

2.        **Claim Settlement Payments to Settlement Class**

Settlement Class Members must submit a timely, valid and complete Claim Form, by the Claim Deadline in the manner required by this Agreement, to receive a Claim Settlement Payment from the Settlement Fund.  Each Settlement Class Member who submits a timely, valid and complete Claim Form by the Claim Deadline in the manner required by this Agreement, making all the required affirmations and representations, shall be sent a Claim Settlement Check for a *pro rata* portion of the Settlement Fund, after deducting all Notice and Administration Costs, any approved Attorneys' Fees and Expenses and any approved Service Award.

Within thirty (30) days after the Effective Date, the Claims Administrator shall send, by first-class mail, a Claim Settlement Check to each Settlement Class Member who submits a timely, valid and complete Claim Form. The amount of each payment shall be the amount of funds available for distribution (i.e., the Settlement Fund less any Notice and Administration Costs, approved Attorneys' Fees and Expenses and approved Service Award) divided by the number of eligible Settlement Class Members to whom payments are being directed.  The payments shall be made by checks, valid for one hundred twenty (120) days from the date on the check.  Each Settlement Class Member shall be paid only once per telephone number; duplicative Claims per telephone number are not allowed.

Within ten (10) days after the Effective Date the Claims Administrator shall make payment to Class Counsel for any approved Attorneys' Fees and Expenses awarded by the Court.

Within ten (10) days after the Effective Date the Claims Administrator shall make payment to Plaintiff for any Service Award awarded by the Court.

C.     **Settlement Approval**

Concurrent with submission of this Agreement for the Court's consideration, Class

Counsel shall submit to the Court a motion for preliminary approval of this Agreement. The motion shall seek entry of a Preliminary Approval Order, which shall be in a form agreed upon by Class Counsel and Defendants.  Class Counsel shall be responsible for drafting the motion for approval of the Settlement and all other documents reasonably necessary to effectuate the Settlement, including Class Notices. All papers in support of Final Approval, Attorneys' Fees and Expenses, and the Service Award shall be filed at least thirty (30) days before the Final Approval hearing.

       **D.**       <u>**Service Award and Attorneys' Fees and Expenses**</u>

            **1.**       **Service Award**

Class Counsel may petition the Court for a reasonable Service Award not to exceed Five Thousand Dollars and Zero Cents ($5,000.00), to be paid from the Settlement Fund.

            **2.**       **Attorneys' Fees**

Class Counsel may request an award of Attorneys' Fees not to exceed one-third (1/3) of the Settlement Fund, or approximately $433,333.33, to be paid from the Settlement Fund. Class Counsel shall be responsible for allocating and shall allocate among Class Counsel any Attorneys' Fees and Expenses, and Defendants shall have no responsibility, role, or liability in connection with such allocation.

            **3.**       **Ligation Costs and Expenses.**

Class Counsel may additionally request reimbursement of costs and expenses reasonably incurred litigating this matter in an amount not to exceed $10,000, to be paid from the Settlement Fund.

### III.   CLAIMS ADMINISTRATION

#### A.   Administrator

The Parties have agreed on KCC as the Administrator. The Administrator shall administer the Settlement in a cost-effective and timely manner. Without limiting any of its other obligations as stated herein, the Administrator shall be responsible for, among other things and if and as necessary, for the implementation and effectuation of Class Notice, processing Claim Forms, receiving and maintaining on behalf of the Court any correspondence regarding requests for exclusion and/or objections to the Settlement, administering Claim Settlement Payments, and providing all other related support, reporting, and administration as further stated in this Agreement. The Parties may direct the Administrator to assist with various additional administrative tasks in implementing the Settlement as the Parties agree is appropriate.

The Parties will coordinate with the Administrator to provide Mail Notice to the Settlement Class, as provided in this Agreement. The Administrator shall administer the Settlement in accordance with the terms of this Agreement and shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as Confidential Information except as provided for in this Agreement or by court order.   All Notice and Administrative Costs shall be paid from the Settlement Fund.

#### B.   Notice

##### 1.   Notice to the Settlement Class

Class Counsel and Defendants shall insert the correct dates and deadlines in the Class Notice before the Class Notice program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order.

14

### 2.     Settlement Class Data

Within ten (10) days after entry of the Preliminary Approval Order, Defendants—if they have not already done so—will provide to the Administrator the Settlement Class Data in electronic format. Using the Settlement Class Data, the Administrator will determine the names and mailing addresses associated with each of the telephone numbers of the Settlement Class Members.

### 3.     Mail Notice

The Administrator, by the Class Notice Date, shall by first class U.S. Mail send one copy of the Mail Notice to all Settlement Class Members. After posting of the Mail Notice by the Administrator with the United States Postal Service, for any Mail Notices returned as undeliverable, the Administrator shall use the National Change of Address database (the "NCOA") or skip-tracing in an attempt to obtain better addresses for such returned Mail Notices, and should the NCOA or skip-tracing show a more current address, the Administrator shall post the returned Mail Notice to the more current address. The Mail Notice shall consist of postcard notice.

### 4.     Long-Form Notice

Mail Notice will contain the address for the Settlement Website, www.DavisTCPASettlement.com. On the website, Settlement Class members will find important documents and court filings, including the Long-Form Notice, which will contain more detail than the Mail Notice. The Long Form Notice will be sent to all Settlement Class members who contact the Administrator by telephone or email and request a copy.

### 5.     Settlement Website

By the Class Notice Date, the Administrator shall establish and maintain the Settlement Website, which, among other things: (i) enables Settlement Class Members to access and

download the Claim Form, (ii) provides contact information for Class Counsel, and (iii) provides access to relevant documents concerning the Action. Such documents shall include this Agreement and Class Notice; the Long-Form Notice; the Preliminary Approval Order; the Complaint; and, when filed, the Final Approval Order. The Class Notice shall include the address (URL) of www.DavisTCPASettlement.com for the Settlement Website. The Administrator shall maintain the Settlement Website until thirty (30) days following Final Approval.

### 6.    IVR

By the Class Notice Date, the Administrator shall establish and maintain a toll-free number that maintains an IVR (or similar) system to answer questions about the Settlement. The Administrator shall maintain the IVR (or similar) system until at least sixty (60) days following the Claim Deadline.

### 7.    CAFA Notice

The Administrator shall serve notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, within the timelines specified by 28 U.S.C. § 1715(b). Defendants will provide the Court with confirmation of service on or before the date of the Final Approval Hearing.

### C.    Claim Filing, Review, and Approval Process

### 1.    Claim Form

To submit a valid Claim, Settlement Class Members must correctly provide all the information and documentation required by the Claim Form. The Claim Form shall require any Settlement Class Member who submits a Claim to provide the following documentation and information: (a) Settlement Class Claimant's name and address; (b) Settlement Class Claimant's telephone number that received a text message from Defendants; and (c) an affirmation that the Settlement Class Claimant received a text message from Defendants within the Class Period,

16

without prior express written consent. For persons who did not receive Mail Notice but who otherwise submit a Claim Form, such persons must provide a telephone number that matches a telephone number on the Class List.

### 2.    Claim Filing Process

Settlement Class Members shall be permitted to make a Claim for a Claim Settlement Payment by sending by U.S. mail a written and fully and accurately completed Claim Form, or by submitting a claim on the Settlement Website, on a date no later than the Claim Deadline.

### 3.    Invalid Claims

Any Settlement Class Member who fails to submit a timely, accurate, and fully completed, valid Claim Form, shall not be entitled to receive a Settlement Claim Payment, but shall otherwise be bound by all of the terms in this Agreement, including the terms of the Final Approval Order and the Releases in this Agreement, and shall be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Parties concerning any Released Claims.

### 4.    Claim Review Process

The Administrator shall confirm that each Claim Form submitted is in the form required; that each Claim Form includes the required affirmations, information, and documentation; that each Claim Form was submitted in a timely fashion; and that the Settlement Class Claimant is a member of the Settlement Class. All such Claim criteria shall be strictly enforced. Any Settlement Class Claimant's failure to provide any of the required affirmations or information shall result in the Claim being deemed invalid, and Defendants shall not have any further obligation to process or make any Claim Settlement Payment on such invalid Claim. The Administrator shall not receive any incentive for denying claims.

### 5. Settlement Class Payment List

At least ten (10) days before the Final Approval Hearing, the Administrator shall provide Class Counsel and Counsel for Defendants with the Settlement Class Payment List.

### D. **Opt-Out Rights**

### 1. **Opt-Out Requirements**

A Settlement Class Member who wishes to opt-out of the Settlement Class must do so in writing. To opt-out, a Settlement Class Member must complete and send to the Administrator, at the address listed in the Class Notice, a Request for Exclusion that is postmarked no later than the Opt-Out Deadline, as specified in the Class Notice (or as the Court otherwise requires). The Request for Exclusion must: (a) identify the case name; (b) identify the name, address, and telephone number of the Settlement Class Member; (c) identify the telephone number at which the person received a text message from Defendants; (d) be personally signed by the Settlement Class Member requesting exclusion; and (e) contain a statement that indicates a desire to be excluded from the Settlement Class in the Action, such as: "I hereby request that I be excluded from the proposed Settlement Class in *Lauren Davis v. Mindshare Ventures LLC d/b/a AtlasRTX, et al.*, Case No. 4:19-cv-1961 (S.D. Tex.)."

Any Settlement Class Member who does not opt-out of the Settlement in the manner described herein shall be deemed to be part of the Settlement Class, and shall be bound by all subsequent proceedings, orders, and judgments, including the Final Approval Order.

A Settlement Class Member who desires to opt-out must take timely affirmative written action in accordance with this Section, even if the Settlement Class Member desiring to opt-out (a) files or has filed a separate action against any of the Released Parties, or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Parties.

18

### 2.    Opt-Outs Not Bound

Any Settlement Class Member who properly opts out of the Settlement Class shall not: (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to relief under, or be affected by, this Agreement; (c) gain any rights by virtue of this Agreement; or (d) be entitled to object to any aspect of the Settlement.

### 3.    List of Requests for Exclusion

At least fourteen (14) days before the Final Approval Hearing, the Administrator shall provide Class Counsel and Counsel for Defendants with a list of all timely Requests for Exclusion along with copies of such Requests for Exclusion.

### 4.    Right To Terminate Based on Volume of Opt-Outs

If the number of Settlement Class Members who properly and timely exercise their right to opt out of the Settlement Class exceeds 60 persons of the total number of Settlement Class Members, Trendmaker shall have the right to terminate this Agreement per Section III.G.

### 5.    All Settlement Class Members Bound By Settlement

Except for those Settlement Class Members who timely and properly file a Request for Exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Effective Date, will be bound by its terms.

### E.    Objections

Any Settlement Class Member who does not opt-out of the Settlement may object to the Settlement. To object, the Settlement Class Member must comply with the procedures and deadlines in this Agreement.

19

Any objection that includes a request for exclusion will be treated as an exclusion. And any Settlement Class Member who submits both an exclusion and an objection will be treated as having excluded himself or herself from the settlement.

### 1.   Process

Any Settlement Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order. The written objection must be filed with the Court and mailed (with the requisite postmark) to Class Counsel and Counsel for Defendants (at the addresses identified in Sections I(J) and I(O)), no later than the Objection Deadline.

### 2.   Requirements

The requirements to assert a valid written objection shall be set forth in the Class Notice. To be valid, the written objection must include:

a.      Full name;

b.      Address;

c.      Current telephone number;

d.      Telephone number to which Defendants delivered the subject text message(s), demonstrating that you are a member of the class;

e.      Identification of any documents to show that you are a member of the class or which you desire the Court to consider;

f.      A statement of your specific objection(s);

g.      A description of the facts underlying your objection(s);

h.      The grounds for your objection(s);

i.      A list of all witnesses that you intend to call by live testimony, deposition testimony, or affidavit or declaration testimony;

j.      A list of exhibits that you intend to present; and

20

k.      A statement noting whether you intend to appear at the final fairness hearing.

Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of this Agreement by appeal or other means.

### 3.      Appearance

Subject to approval by the Court, any Settlement Class Member who files and serves a written objection in accordance with this Section may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Counsel for Defendants by the Objection Deadline.

The Notice of Intention to Appear must include: (a) the case name and number; (b) the Settlement Class Member's name, address, telephone number, and signature, and, if represented by counsel, their contact information; (c) the telephone number where he or she received a text message from Defendants; and (d) copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.

Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Class Notice and this Agreement shall not be entitled to appear at the Final Approval Hearing and raise any objections.

4. **Discovery From Settlement Class Members Who Object To The Settlement**

The Parties shall have the right to take discovery from any Settlement Class Member who objects to the Settlement without further leave of court.

F. <u>**Non-Approval of Agreement**</u>

This Agreement is conditioned on Final Approval without material modifications by the Court. If the Agreement is not so approved, the Parties shall have the right—after they have negotiated in good faith to remedy any shortcoming(s) identified by the Court as the reason(s) for non-approval of the Agreement—to withdraw from the Agreement and return to the status quo ante as if no settlement or this Agreement had been negotiated or entered into. Moreover, the Parties shall be deemed to have preserved all of their rights or defenses, and shall not be deemed to have waived any substantive, evidentiary, procedural, or other rights of any kind that they may have as to each other or any member of the Settlement Class. If the Agreement is approved without material modification by the Court, but is later reversed or vacated on appeal, each of the Parties shall have a right to withdraw from the Agreement and return to the status quo ante, for all litigation purposes, as if no Agreement had been negotiated or entered into, and shall not be deemed to have waived any substantive, evidentiary, procedural, or rights of any kind that they may have as to each other or any member of the Settlement Class.  However, the Parties are expected to meet and confer in good faith about possibly resolving any curable issues with the Settlement that prevented the Court from granting Final Approval.

G. <u>**Termination of Agreement**</u>

Either Party shall have the right in his or its sole discretion to terminate this Agreement, declare it null and void, and have no further obligations under this Agreement if any of the following conditions occurs: (1) the Court fails to grant Preliminary Approval within three hundred

22

sixty days of Plaintiff filing a motion for preliminary approval of this Agreement, or declines to grant Preliminary Approval in accordance with the terms of the Preliminary Approval Order; (2) the Court fails to grant Final Approval within three hundred sixty days of Plaintiff filing a motion for final approval of this Agreement, or declines to grant Final Approval in accordance with the terms of the Final Approval Order; (3) an appellate court vacates or reverses the Final Approval Order; or (4) any condition described in this Agreement, including any Exhibits, as a basis for termination or cancellation occurs.

      **H.**      **Retention of Records**

      The Administrator shall retain all records relating to payment of claims under this Agreement for a period of two (2) years from the Effective Date.  Those records shall be maintained in accordance with the confidentiality order on file in this case.

**IV.**      **EXCLUSIVE REMEDY/DISMISSAL OF CLAIMS/JURISDICTION**

      **A.**      **Exclusive Remedy; Permanent Injunction**

      Upon issuance of the Final Approval Order: (i) the Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out) in accordance with the terms and provisions hereof; (ii) the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s); and (iii) Settlement Class Members who have not opted out shall be permanently barred and enjoined from asserting any Released Claims in any action or from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action based on or relating to any of the Released Claims or the facts and circumstances relating thereto, except that Settlement Class Members, if subpoenaed or otherwise compelled to do so, may participate in any regulatory or governmental proceedings or investigations.

B.   **Dismissal of Claims**

The Parties agree that upon the Effective Date, the Action shall be dismissed with prejudice in accordance with the Final Approval Order.

C.   **Continuing Jurisdiction of Court**

The Court shall retain exclusive and continuing jurisdiction over this Action, the Parties, and this Agreement with respect to the performance of its terms and conditions (and disputes arising out of or relating to this Agreement), the proper provision of all benefits, and the implementation and enforcement of its terms, conditions, and obligations.

V.   **RELEASES**

Upon issuance of the Final Approval Order, the Released Parties shall be released and forever discharged by the Class Representative, the Settlement Class, and each Settlement Class Member from all Released Claims. The Settlement Class and each Settlement Class Member covenant and agree that they shall not hereafter seek to establish liability against any of the Released Parties based, in whole or in part, on any of the Released Claims. The Class Representatives, the Settlement Class, and each Settlement Class Member expressly waive and relinquish any and all rights which they may have under Section 1542 of the California Civil Code or any similar statute of any other state or of the United States. Section 1542 reads as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Class Representative, the Settlement Class, and each Settlement Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representative, the Settlement Class, and each Settlement Class Member, upon the Effective Date, shall be deemed to

have, and by operation of the Final Approval Order, shall have, nevertheless, fully, finally, and forever waived, settled, and released any and all Released Claims, regardless of such subsequent discovery of additional or different facts.

Upon issuance of the Final Approval Order, the Released Parties shall be released and forever discharged by the Plaintiff for any and all Released Claims that she may have against any of the Released Parties.

Upon issuance of the Final Approval Order, the Plaintiff, and all Settlement Class Members shall be permanently barred and enjoined from: (a) asserting any Released Claims in any action or proceeding or from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action or proceeding based on any of the Released Claims, except that Settlement Class Members, if subpoenaed or otherwise compelled to do so, may participate in any regulatory or governmental proceedings or investigations. Nothing in this Agreement shall preclude any action to enforce the terms of the Agreement.

This Agreement and the Releases herein do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement.

## VI.   COVENANTS, REPRESENTATIONS, AND WARRANTIES

Plaintiff, Class Counsel, and the Settlement Class Members covenant and agree: (a) not to assert any of the Released Claims in any action or proceeding and not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action or proceeding based on any of the Released Claims against any of the Released Parties, except that Settlement Class Members, if subpoenaed or otherwise compelled to do so, may participate in any regulatory or governmental proceedings or investigations; and (b) that the foregoing covenants and this

Agreement shall be a complete defense to any of the Released Claims against any of the Released Parties.

Plaintiff represents and warrants that: (a) she is the sole and exclusive owner of her own Released Claims; (b) that she has not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Parties; (c) that she will not assign or otherwise transfer any interest in any of the Released Claims; and (d) that she has no surviving claim or cause of action against any of the Released Parties that is not being released by this Agreement.

Class Counsel represent and warrant that: (a) they currently know of no other persons with claims against Defendants who are not included in the Settlement Class and whose claims will not be released upon the Effective Date of this Agreement; (b) they will keep confidential and not publicly disclose, disseminate, or use any of the information in the Settlement Class Data; and (c) they will not advertise for or solicit individuals to bring any additional lawsuits or claims against the Released Parties regarding the Released Claims.

## VII.   **MISCELLANEOUS PROVISIONS**

### A.   **Receipt of Advice of Counsel**

Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Release, received independent legal advice with respect to the advisability of entering into this Agreement and the Release and the legal effects of this Agreement and the Release, and fully understands the effect of this Agreement and the Release.

### B.   **Cooperation to Facilitate this Settlement**

The Parties agree that they shall work together in good faith to facilitate this Agreement, as well as undertake any required steps to effectuate the purposes and intent of this Agreement.

### C. __Representation by Counsel__

The Parties represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

### D. __No Admission of Liability__

Nothing in this Agreement, or the Parties' willingness to enter into this Agreement, shall be construed as an admission by any person or entity, of any liability or wrongdoing of any Party, or of the truth of any allegations made by the Class Representative, on behalf of himself or the Settlement Class, against Defendants. Defendants expressly deny and disclaim any liability or wrongdoing. The existence, contents, and terms of Agreement, and any negotiations, statements, or proceedings in connection therewith, shall not be admissible as evidence for any purpose in any proceeding, except solely for purposes of enforcement of the Agreement's terms; however, this Agreement may be used by either Party and pleaded as a full and complete defense to any action, suit, or other proceeding that has been or may be instituted, prosecuted, or attempted with respect to any of the Released Claims, and may be filed, offered, and received into evidence, and otherwise used for such defense.

### E. __Contractual Agreement__

The Parties understand and agree that all terms of this Agreement are contractual and are not mere recitals, and each signatory warrants that he or she is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that he or she represents.

### F. **Change of Time Periods**

The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of Class Counsel and Counsel for Defendants, without notice to Settlement Class Members. The Parties reserve the right, by agreement and subject to Court approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

### G. **Integration**

This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement supersedes all prior representations, agreements, understandings, both written and oral, among the Parties, or any of them, with respect to the subject matter of this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein, and no Party is relying on any prior oral or written representations, agreements, understandings, or undertakings with respect to the subject matter of this Agreement.

### H. **Drafting**

The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentem*. This Agreement is a collaborative effort of the Parties and their respective attorneys.

### I. **Costs**

Except as otherwise provided herein, each Party shall bear its own legal and other costs incurred in connection with the Released Claims, including the preparation and performance of this Agreement.

**J.**     **Modification or Amendment**

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Parties who executed this Agreement or their successors-in-interest.

**K.**     **No Waiver**

The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement.  In addition, the waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

**L.**     **Severability**

Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable.  In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder; provided, however, that the terms of this Section shall not apply should any court or tribunal find any part, term, or provision of the release to be illegal or invalid in any manner.

**M.**     **No Violation of Law or Agreement**

The execution, delivery, and performance of this Agreement by the Parties hereto does not and will not, conflict with, violate, result in a breach of, or cause a default under, (a) any applicable provision of any federal, state, or local law or regulation, (b) any provision of any order, arbitration

award, judgment, or decree, or (c) any provision of any agreement or instrument applicable to the Parties.

### N.    **Successors**

This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the Parties hereto.

### O.    **Choice of Law**

All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the State of Texas, without reference to its conflict of law provisions, except to the extent that federal law governs.  The adequacy of the settlement, any determination regarding Class Counsel's fees and expenses, and any Service Award shall be governed by federal law.

### P.    **Fair and Reasonable**

The Parties and their counsel believe that this Agreement is a fair and reasonable compromise of the disputed claims, it is in the best interests of the Parties, and have arrived at this Agreement as a result of extensive arms-length negotiations.

### Q.    **Headings**

All headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement.  In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

### R.    **Exhibits**

The Exhibits to this Agreement are expressly incorporated and made part of the terms and conditions set forth herein.

**S.**     **Counterparts**

This Agreement may be executed in one or more counterparts.  All executed counterparts, and each of them, shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

**T.**     **Facsimile and Electronic Mail**

Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

**U.**     **Warranty of Signature**

Each signer of this Agreement represents and warrants that he or she is authorized to execute this Agreement in his or her official capacity on behalf of the Party to this Agreement for which he or she is signing and that this Agreement is binding on the principal represented by that signatory.

**V.**     **No Assignment**

Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title, or interest in or to any claims, causes of action, or demands which were or could have been, or ever could be asserted against any Party and that are released in this Agreement, or which were, could have been, or ever could be asserted against any Party.  Any Party that breaches the representations and warranties set forth in this Section shall indemnify and hold harmless each other Party, its parents, subsidiaries, and affiliates, and their respective owners, agents, attorneys, successors, heirs, assigns, administrators, officers, directors, employees, and all other persons acting in concert with them from any and every claim or demand of every kind or character arising out of a breach by any such breaching Party of its representations and warranties in this Section.

31

**W.**     **Confidentiality; Communications to Media and Public**

The Parties agree that the terms of this Settlement shall remain confidential and not be disclosed by any Party until the Agreement is filed in connection with the Preliminary Approval Application.

The Parties also agree that before the entry of Final Approval of the Settlement, they shall not publish a press release or a release on the Internet concerning the Settlement without the prior written review and approval of Defendants. Class Counsel, however, is preapproved to post the following information on his firm website: (1) a statement materially similar to: "Lauren Davis v. Mindshare Ventures LLC, d/b/a AtlasRTX, Trendmaker Homes DFW, LLC, and Trendmaker Homes, Inc.: $1.3 million settlement under the Telephone Consumer Protection Act," and (2) a hyperlink to the long form, website class notice attached as **Exhibit 2**. The Parties further agree that before the entry of Final Approval of the Settlement, if any print or electronic media outlet contacts any Party or its counsel seeking information or a statement regarding the Settlement, in the absence of a response agreed on by all Parties, no information will be provided in response to such inquiries.

For the avoidance of any doubt, nothing in this Agreement prevents the Parties from making any disclosures required to effectuate this Agreement or from making any disclosures required by law.

**X.**     **Subsequent Change in Law**

The Parties' Settlement and this Agreement will be unaffected by any subsequent change in law regarding the federal Telephone Consumer Protection Act, its interpretation, and its application, whether from Congress, the Federal Communications Commission, courts, or otherwise

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated: _Feb 13, 2020_____      By:_Lauren Davis (Feb 13, 2020)_____
                                         Lauren Davis
                                         *Plaintiff and Class Representative*

Dated: _Feb 14, 2020_____      By:_Aaron D. Radbil (Feb 14, 2020)_____
                                         Aaron D. Radbil
                                         *Counsel for Plaintiff and the Settlement Class*

                                         **Trendmaker Homes, Inc.**

Dated: _____               By:_____
                                         Printed Name:_____
                                         Title:_____

                                         **Trendmaker Homes DFW, L.L.C.**

Dated: _____               By:_____
                                         Printed Name:_____
                                         Title:_____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated: _____          By:_____
                                                             Lauren Davis
                                                             *Plaintiff and Class Representative*

Dated: _____          By:_____
                                                             Aaron D. Radbil
                                                             *Counsel for Plaintiff and the Settlement Class*

**Trendmaker Homes, Inc.**

Dated: February 14, 2020          By:_____

                                             Printed Name: Douglas F. Bauer
                                             Title: Director

**Trendmaker Homes DFW, L.L.C.**

Dated: February 14, 2020          By:_____

                                             Printed Name:  Douglas F. Bauer
                                             Title:  Director of Trendmaker Homes, Inc., as the Manager of Trendmaker Homes Holdings, L.L.C., as the Manager of Trendmaker Homes DFW, L.L.C.

**Mindshare Ventures LLC d/b/a AtlasRTX.**

Dated: February 13, 2020

By: _____

Printed Name: Bassam T. Salem

Title: CEO

Dated: February 1⁴, 2020

By: _____

Joshua A. Huber

*Counsel for Defendants*

34

# EXHIBIT 1
## [Claim Form]

Carefully separate at perforation

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

*Lauren Davis v. Mindshare Ventures LLC, d/b/a AtlasRTX, Trendmaker Homes DFW, L.L.C., and Trendmaker Homes, Inc.*
Civil Action No. 4:19-cv-1961 (S.D. Tex.)

**CLAIM FORM**

[admin] ID: «[Admin] ID»
«First Name» «Last Name»
«Address1»
«City», «State» «Zip»

Name/Address Changes:

**Bottom Inside**

By signing below, I affirm that Trendmaker Homes DFW, LLC, or AtlasRTX, on behalf of Trendmaker Homes DFW, LLC, or Trendmaker Homes, Inc., delivered a text message to my cellular telephone number, between May 30, 2015 and December 11, 2019, without prior express consent.

IF YOU MOVE, send your CHANGE OF ADDRESS to the Settlement Administrator at the address on the backside of this form.

Signature:

Telephone number(s) on which I received the text(s):

Date of signature:

To receive a payment you must enter all requested information above, sign
and mail this claim form, postmarked on or before [month] [day], 2020.

Or you may visit the settlement website, www.DavisTCPASettlement.com, or call [number].

To exclude yourself from the class action settlement you must mail a written request for
exclusion to the claims administrator, postmarked on or before [month] [day], 2020.
Your request must include the information required by the Court's [month] [day], 2020 Order.

**Bottom Outside**

Postage

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**Davis TCPA Settlement Administrator**
**[address]**
**[city], [state] [zip code]**

# EXHIBIT 2

## [Long-Form Notice]

**UNITED STATES DISTRICT COURT**          **SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| Lauren Davis, *on behalf of herself and others similarly situated*, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 4:19-cv-1961 |
| Mindshare Ventures LLC, d/b/a AtlasRTX, Trendmaker Homes DFW, LLC, and Trendmaker Homes, Inc., | § § § § | |
| Defendants. | § | |

**WEBSITE Q & A NOTICE**

1

**This is a notice of a settlement of a class action lawsuit.**
**This is <u>not</u> a notice of a lawsuit against you.**

**If Trendmaker Homes DFW, L.L.C. or AtlasRTX, on behalf of Trendmaker Homes DFW, L.L.C. or Trendmaker Homes, Inc., delivered a text message to your cellular telephone number, from May 30, 2015 through December 11, 2019, you may be entitled to compensation as a result of a settlement in the class action lawsuit captioned:**

*Lauren Davis v. Mindshare Ventures LLC, d/b/a AtlasRTX, Trendmaker Homes DFW, L.L.C., and Trendmaker Homes, Inc.*, Civil Action No. 4:19-cv-1961 (S.D. Tex.)

**A federal court authorized this notice.**
**This is <u>not</u> a solicitation from a lawyer.**

**Please read this notice carefully.**
**It explains your rights and options to participate in a class action settlement.**

- Lauren Davis sued Mindshare Ventures LLC, d/b/a AtlasRTX ("AtlasRTX"), Trendmaker Homes DFW, L.L.C. ("Trendmaker DFW"), and Trendmaker Homes, Inc. ("Trendmaker Homes") (collectively, "Defendants"), alleging (1) that Defendants delivered non-emergency text messages to cellular telephone numbers without having obtained prior express consent to do so, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and (2) that Defendants delivered non-emergency advertising and marketing text messages to cellular telephone numbers without having obtained prior express written consent to do so, in violation of the TCPA.

- A settlement will result in a $1.3 million fund to fully settle and release claims of all persons throughout the United States (1) to whom Trendmaker DFW or AtlasRTX, on behalf of Trendmaker DFW or Trendmaker Homes, sent, or caused to be sent, a text message, (2) directed to a number assigned to a cellular telephone service, (3) between May 30, 2015 and December 11, 2019, (4) using the AtlasRTX platform/services.

- The settlement fund will be used to pay settlement amounts to class members who elect to participate, after deducting the costs of settlement notice and administration, attorneys' fees, costs, and litigation expenses, and an incentive award to Ms. Davis.

- Your legal rights are affected, and you now have a choice to make:

| | |
|---|---|
| **SUBMIT A TIMELY CLAIM FORM:** | If you submit a valid claim form by **[date]**, you will receive a pro rata share of the settlement fund, after deductions, and you will release all claims you may have against Defendants related to this case. |
| **DO NOTHING:** | If you do nothing, you will <u>not</u> receive a share of the settlement fund, but if you are a class member you will release all claims you may have against Defendants related to this case. |
| **EXCLUDE YOURSELF:** | If you exclude yourself from the settlement, you will <u>not</u> receive a share of the settlement fund, and you will <u>not</u> release any claims you have against Defendants. The deadline for excluding yourself is **[date]**. |
| **OBJECT:** | You have the right to object to the terms of the proposed settlement. To do so, you must write to the Court and state why you do not like the settlement. The deadline to object is **[date]**. |

### Why is this notice available?

This is a notice of a proposed settlement in a class action lawsuit. The settlement, if it becomes final, will resolve the lawsuit Ms. Davis filed against Defendants. Please read this notice carefully. It explains the lawsuit, the settlement, and your legal rights, including the process for receiving a settlement check, excluding yourself from the settlement, or objecting to the settlement.

### What is this lawsuit about?

Ms. Davis sued Defendants, alleging (1) that Defendants made non-emergency text message calls to cellular telephone numbers without having obtained prior express consent to do so, in violation of the TCPA, and (2) that Defendants made non-emergency advertising and marketing text message calls to cellular telephone numbers without having obtained prior express written consent to do so, in violation of the TCPA. Defendants deny the allegations, deny that they used an automatic telephone dialing system to deliver text messages to class members, and deny that they violated the TCPA. The Court did not decide who is right or wrong. The parties have agreed to a settlement.

### Why is this a class action?

In a class action, one or more people called "class representatives" file a lawsuit on behalf of people who have similar claims. All of these people together are a "class" or "class members." The Court accordingly resolves claims for all class members, except for those who exclude themselves from the class.

### Why is there a settlement?

Ms. Davis, on the one hand, and Defendants, on the other, have agreed to settle the lawsuit to avoid the time, risk, and expense associated with continuing to litigate it, and to achieve a final resolution of the disputed claims. A court has not found that Defendants did anything wrong or are liable for any of the claims asserted by Ms. Davis, and Defendants deny all liability or wrongdoing in this case. Under the settlement, class members will obtain a payment in settlement of the claims Ms. Davis raised in the lawsuit. Ms. Davis and her attorneys think the settlement is fair and reasonable.

### How do you know if your claims are included in the settlement?

The settlement resolves claims on behalf of the following class:

> All persons throughout the United States (1) to whom Trendmaker DFW or AtlasRTX, on behalf of Trendmaker DFW or Trendmaker Homes, sent, or caused to be sent, a text message, (2) directed to a number assigned to a cellular telephone service, (3) between May 30, 2015 and December 11, 2019, (4) using the AtlasRTX platform/services.

There are approximately 9,863 members of the class.

### What does the settlement provide?

Defendants will establish a common settlement fund in the amount of $1.3 million to compensate members of the class. Out of the settlement fund will be paid:

      a.      Settlement compensation to class members;

      b.      Notice and administration costs not to exceed $55,000;

      c.      An award of attorneys' fees not to exceed one-third of the settlement fund, subject to the Court's approval;

      d.      Costs and expenses incurred litigating the claims in this matter not to exceed $10,000, subject to the Court's approval; and

      e.      An incentive award to Ms. Davis not to exceed $5,000, subject to the Court's approval.

Each class member who submits a timely, valid and complete claim form will be entitled, subject to the provisions of the settlement agreement, to his or her equal share of the $1.3 million settlement fund as it exists after deducting the amounts listed above in items (b) through (e). Each class member will be paid only once per telephone number. Duplicative claims per telephone number are not allowed.

It is estimated that if all class members submit a valid claim, each claimant will receive approximately $80.00. This amount will increase should less than all class members submit a valid

claim. The actual amount each participating class member will receive may be more or less depending on the number of class members who submit timely, valid claims.

### How can you get a payment?

You must timely mail a valid, complete claim form to: "Davis v. Trendmaker Settlement Administrator," [address], [city], [state] [zip code], postmarked by **[month] [day], 2020**. Or you must submit a valid claim electronically through www.DavisTCPASettlement.com by **[month] [day], 2020**.

### When will you be paid?

If the Court grants final approval of the settlement, settlement checks will be mailed, no later than 30 days after the judgment in the lawsuit becomes final, to class members who timely submitted valid, complete claim forms. If there is an appeal of the settlement, payment may be delayed.

### What rights are you giving up in this settlement?

If you are a class member, and unless you exclude yourself from the settlement, you will give up your right to sue or continue a lawsuit against Defendants over the released claims. Giving up your legal claims is called a release. If you are a class member, unless you formally exclude yourself from the settlement, you will release certain claims against Defendants.

For more information on the release, released parties, and released claims, you may obtain a copy of the class action settlement agreement on the settlement website, www.DavisTCPASettlement.com, or from the Clerk of the United States District Court for the Southern District of Texas.

### How can you exclude yourself from the settlement?

You may exclude yourself from the settlement, in which case you will <u>not</u> receive a payment. If you wish to exclude yourself from the settlement, you must mail a written request for exclusion to the claims administrator at the following address, postmarked by **[month] [day], 2020**:

**Davis v. Trendmaker Settlement Administrator**
ATTN: EXCLUSION REQUEST
[address]
[city], [state] [zip code]

You must include in your request for exclusion your:

      a.    The case name;

      b.    Full name;

      c.    Address;

      d.      Current telephone number;

      e.      Telephone number to which Defendants delivered the subject text message(s), demonstrating that you are a member of the class; and

      f.      A clear and unambiguous statement that you wish to be excluded from the settlement, such as "I hereby request that I be excluded from the proposed Settlement Class in *Lauren Davis v. Mindshare Ventures LLC d/b/a AtlasRTX, et al.*, Case No. 4:19-cv-1961 (S.D. Tex.)."

You must sign the request personally. If any person signs on your behalf, that person must attach a copy of the power of attorney authorizing that signature.

### When and where will the Court decide whether to approve the settlement?

The Court will hold a final fairness hearing on **[month] [day], 2020**, at **[time]**. The hearing will take place in the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, TX 77002. At the final fairness hearing the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

### Do you have to attend the hearing?

No, there is no requirement that you attend the hearing. However, you are welcome to attend the hearing at your own expense. But you cannot speak at the hearing if you have excluded yourself from the settlement because the settlement no longer affects your legal rights.

### What if you want to object to the settlement?

If you do not exclude yourself from the settlement, you can object to the settlement, or any part of it, if you do not believe it is fair, reasonable, and adequate. If you wish to object, you must mail a written notice of objection, postmarked by **[month] [day], 2020**, to class counsel, Defendants' attorneys, and to the Court, at the following addresses:

| Class Counsel: | Defendants' Counsel: | Court: |
|---|---|---|
| Aaron D. Radbil | Ana Tagvoryan | U.S. District Court for the |
| Greenwald Davidson Radbil PLLC | Blank Rome LLP | Southern District of Texas |
| 401 Congress Ave. | 2029 Century Party East | 515 Rusk Street |
| Ste. 1540 | 6th Floor | Houston, TX 77002 |
| Austin, TX 78701 | Los Angeles, CA 90067 | |

You must include in your objection your:

      a.      Full name;

      b.      Address;

      c.      Current telephone number;

      d.      Telephone number to which Defendants delivered the subject text message(s), demonstrating that you are a member of the class;

      e.      Identification of any documents to show that you are a member of the class or which you desire the Court to consider;

      f.      A statement of your specific objection(s);

      g.      A description of the facts underlying your objection(s);

      h.      The grounds for your objection(s);

      i.      A list of all witnesses that you intend to call by live testimony, deposition testimony, or affidavit or declaration testimony;

      j.      A list of exhibits that you intend to present; and

      k.      A statement noting whether you intend to appear at the final fairness hearing.

### By when must you enter an appearance?

Any class member who objects to the settlement and wishes to enter an appearance must do so by **[date], 2020**. To enter an appearance, you must file with the Clerk of the Court a written notice of your appearance and you must serve a copy of that notice, by U.S. mail or hand-delivery, upon class counsel and Defendants' attorneys, at the addresses set forth above.

### What if you do nothing?

If you do nothing and the Court approves the settlement agreement, you will not receive a share of the settlement fund, but you will release any claim you have against Defendants related to the allegations in this case. Unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against Defendants over the released claims.

### What will happen if the Court does not approve the settlement?

If the Court does not finally approve the settlement or if it finally approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will receive no benefits from this settlement and the lawsuit will continue.

### Who is Ms. Davis's attorney?

Ms. Davis's attorney is:

      Aaron D. Radbil

Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, TX 78701

The Court has appointed Ms. Davis's attorney to act as class counsel. You do not have to pay class counsel. If you want to be represented by your own lawyer, and have that lawyer appear in Court for you in this case, you must hire one at your own expense.

### Who is Defendants' attorney?

Defendants' attorney is:

Ana Tagvoryan
Blank Rome LLP
2029 Century Party East
6th Floor
Los Angeles, CA 90067

### Before what Court is this matter pending?

Ms. Davis filed her class action lawsuit in the following Court:

U.S. District Court for the Southern District of Texas
515 Rusk Street
Houston, TX 77002

### Where can you get additional information?

This notice is only a summary of the settlement. All documents filed with the Court, including the full class action settlement agreement, may be reviewed or copied at the United States District Court for the Southern District of Texas. In addition, pertinent case materials, including the settlement agreement, are available at the settlement web site, www.DavisTCPASettlement.com.

If you would like additional information about this matter, please contact:

### Davis v. Trendmaker Settlement Administrator
### [address]

### Telephone: [number]

Please do not call the Judge about this case. Neither the Judge nor the Clerk of Court will be able to give you advice about this case. Furthermore, neither Defendants nor Defendants' attorneys represent you, and they cannot give you legal advice.

8

# EXHIBIT 3

## [Final Approval Order]

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| Lauren Davis, *on behalf of herself and others similarly situated*, | § § § |
| Plaintiff, | § § |
| vs. | § § |
| Mindshare Ventures LLC, d/b/a AtlasRTX, Trendmaker Homes DFW, L.L.C., and Trendmaker Homes, Inc., | § § § § |
| Defendants. | § § |

Civil Action No. 4:19-cv-1961

### [PROPOSED] FINAL ORDER AND JUDGMENT

On May 30, 2019, Lauren Davis ("Plaintiff" or "Class Representative") filed a class action complaint (the "Lawsuit") against Mindshare Ventures LLC, d/b/a AtlasRTX ("AtlasRTX"), Trendmaker Homes DFW, L.L.C. ("Trendmaker DFW"), and Trendmaker Homes, Inc. ("Trendmaker Homes") (collectively, "Defendants"), asserting class claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendants have denied any and all liability alleged in the Lawsuit.

On _____, after extensive arms-length negotiations, Plaintiff and Defendants (the "Parties") entered into a written class action settlement agreement (the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On _____ the Parties filed the Agreement, along with Plaintiff's unopposed motion for preliminary approval of class action settlement (the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendants, through the settlement administrator, served written notice of the

1

proposed class settlement as directed.

On _____, upon consideration of Plaintiff's Preliminary Approval Motion and the record, this Court entered an order of preliminary approval of class action settlement ("Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, this Court, among other things, (i) conditionally approved the proposed settlement and (ii) set the date and time of the final approval hearing.

On _____, Plaintiff filed a motion for final approval of class action settlement (the "Final Approval Motion").

On _____, this Court held a final approval hearing pursuant to Fed. R. Civ. P. 23 to determine whether the claims asserted in the Lawsuit satisfy the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

This Court has read and considered the Agreement, Motion for Final Approval, and the record of these proceedings.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is finally certified, for settlement purposes only, as a class action on behalf of the following settlement class members with respect to the claims asserted in the Lawsuit:

> All persons throughout the United States (1) to whom Trendmaker DFW or AtlasRTX, on behalf of Trendmaker DFW or Trendmaker Homes, sent, or

caused to be sent, a text message, (2) directed to a number assigned to a cellular telephone service, (3) from May 30, 2015 through December 11, 2019, (4) using the AtlasRTX platform/services.

Pursuant to Fed. R. Civ. P. 23, this Court finally approves Lauren Davis as the class representative and Aaron D. Radbil, of Greenwald Davidson Radbil PLLC, as class counsel.

Pursuant to this Court's Preliminary Approval Order, the approved class action notices were mailed. The form and method for notifying the settlement class members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. This Court finds that the notice was clearly designed to advise settlement class members of their rights.

This Court finds that the settlement class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.  The settlement class members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.  There are questions of law and fact common to the settlement class members, which predominate over any individual questions;

C.  Plaintiff's claims are typical of the claims of the settlement class members;

D.  Plaintiff and class counsel have fairly and adequately represented and protected the interests of all settlement class members; and

E.  Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

This Court finds that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, when considering, in their totality, the following factors: the lack of fraud or collusion behind the settlement; the complexity, expense, and likely duration of the litigation; the stage of the proceedings and the amount of discovery completed; the probability of Plaintiff's success on the merits; Defendants' defenses; the range of possible recovery; and the opinions of class counsel. *See Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 639 n.11 (5th Cir. 2012) (quoting *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)).

The Court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

(A)     whether the class representatives and class counsel have adequately represented the class;

(B)     whether the proposal was negotiated at arm's length;

(C)     whether the relief provided for the class is adequate, taking into account:

    (i)     the costs, risks, and delay of trial and appeal;

    (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii)    the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv)    any agreement required to be identified under Rule 23(e)(3); and

(D)     whether the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The Agreement, which is deemed incorporated into this order, is finally approved and must be consummated in accordance with its terms and provisions, except as amended by any order

4

issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

A.      <u>Settlement Fund</u> – Defendants will establish a $1.3 million common fund (the "Settlement Fund").

B.      <u>Deductions</u> - The following are to be deducted from the Settlement Fund before any other distributions are made:

a.      The costs and expenses for the administration of the settlement and class notice, including expenses necessary to identify potential settlement class members;

b.      Plaintiff's attorneys' fees and the reimbursement of class counsel's litigation costs and expenses, in the amount of $_____; and

c.      Plaintiff will receive $_____ as acknowledgment of her role in prosecuting claims on behalf of settlement class members.

C.      <u>Settlement Payments to Class Members</u> - Each settlement class member who submitted a valid and timely claim form will receive compensation as set forth in the Agreement. Each settlement check will be void one-hundred twenty days after issuance.

D.      <u>Released Claims</u> - All claims for relief, whether known or unknown, suspected or unsuspected, that arise out of, concern or relate to the Telephone Consumer Protection Act ("TCPA") and other related state laws regarding telemarketing and/or the use of an automatic telephone dialing system to make calls, as of the date of a final Court order approving the Settlement and dismissing the case with prejudice, and which arise from calls made or text messages sent by or on behalf of Defendants to Settlement Class Members.

The settlement class members were given an opportunity to object to, or seek exclusion from, the settlement. ___ settlement class members objected to the settlement. ___ settlement class members made a valid and timely request for exclusion.

This order is binding on all settlement class members, except the following individuals who made valid and timely requests for exclusion: _____.

Plaintiff, settlement class members, and their successors and assigns are permanently barred from pursuing, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the Release contained in the Agreement, the Released Claims are compromised, settled, released, and discharged, by virtue of these proceedings and this order.

This final order and judgment bars and permanently enjoins Plaintiff and all members of the settlement class from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or individual or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), relating to the Released Claims, and (b) attempting to effect opt outs of a class of individuals in any lawsuit or arbitration proceeding based on the Released Claims, except that settlement class members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

The Lawsuit is hereby dismissed with prejudice in all respects.

This order, the Agreement, and any and all negotiations, statements, documents, and proceedings in connection with this settlement are not, and will not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

This Court hereby retains continuing and exclusive jurisdiction over the parties and all matters relating to the Lawsuit or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to class counsel.

Class counsel's request for an award of attorneys' fees of one-third of the settlement fund is approved as stated on the record.

Class counsel's request for reimbursement of reasonable litigation costs and expenses in the total amount of \$_____ is approved.

Plaintiff's request for an incentive award of \$_____ is approved.

IT IS SO ORDERED.

DATED: _____

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT 4

## [Mail Notice]

**What is this lawsuit about?** Lauren Davis filed this lawsuit against Mindshare Ventures LLC, d/b/a AtlasRTX ("AtlasRTX"), Trendmaker Homes DFW, L.L.C. ("Trendmaker DFW"), and Trendmaker Homes, Inc. ("Trendmaker Homes") (collectively, "Defendants"), alleging (1) that Defendants delivered non-emergency text messages to cellular telephone numbers without having obtained prior express consent to do so, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and (2) that Defendants delivered non-emergency advertising and marketing text messages to cellular telephone numbers without having obtained prior express written consent to do so, in violation of the TCPA. Defendants deny the allegations and deny that they violated the TCPA. The Court did not decide who is right and who is wrong. The parties have agreed to a settlement.

**Why did you receive this notice?** You received this notice because Defendants' records identified you as a <u>potential</u> member of the following class: All persons throughout the United States (1) to whom Trendmaker DFW or AtlasRTX, on behalf of Trendmaker DFW or Trendmaker Homes, sent, or caused to be sent, a text message, (2) directed to a number assigned to a cellular telephone service, (3) between May 30, 2015 and December 11, 2019, (4) using the AtlasRTX platform/services.

**What does the settlement provide?** Defendants will establish a common settlement fund of $1.3 million. Out of the settlement fund will be paid: (1) settlement compensation to participating class members; (2) an award of attorneys' fees not to exceed one-third of the settlement fund, subject to the Court's approval; (3) costs and expenses incurred by class counsel litigating claims in this matter not to exceed $10,000, subject to the Court's approval; (4) costs of notice and administration not to exceed $55,000; and (5) an incentive award to Ms. Davis not to exceed $5,000, subject to the Court's approval. It is estimated that if all class members submit a valid claim, each claimant will receive approximately $80.00. This amount will increase should less than all class members submit a valid claim.

**What are your legal rights and options?** You have four options. First, if you are a member of the class, you may timely complete and return the claim form found on the backside of this postcard, or timely submit a claim form online at www.DavisTCPASettlement.com, in which case you will receive a proportionate share of the settlement fund after deducting the above-listed fees, costs, and expenses, and will release any claim(s) you have against Defendants related to the allegations and claims in this case. Second, you may do nothing, in which case you will not receive a share of the settlement fund, but, if you are a class member you will release any claim(s) you have against Defendants related to the claims in this case. Third, you may exclude yourself from the settlement, in which case you will neither receive a share of the settlement fund, nor release any claim(s) you have against Defendants. Or fourth, class members may object to the settlement. To obtain additional information about your legal rights and options, visit www.DavisTCPASettlement.com, or contact the settlement administrator by writing to: Davis v. Trendmaker Settlement Administrator, [name and address], or by calling [number].

**When is the final fairness hearing?** The Court will hold a final fairness hearing on [month] [day], 2020, at [time]. The hearing will take place in the United States District Court for the Southern District of Texas, 515 Rusk Street, Houston, TX 77002. At the final fairness hearing the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether it should be granted final approval. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or move the hearing to a new date or time.

**Front Inside**

---

**Front Outside**

**This is a notice of a settlement of a class action lawsuit. This is <u>not</u> a notice of a lawsuit against you.**

**If Trendmaker Homes DFW, L.L.C. or AtlasRTX, on behalf of Trendmaker Homes DFW, L.L.C. or Trendmaker Homes, Inc., delivered a text message to your cellular telephone number, between May 30, 2015 and December 11, 2019, you may be entitled to compensation as a result of a settlement in the class action lawsuit captioned:**

*Lauren Davis v. Mindshare Ventures LLC, d/b/a AtlasRTX, Trendmaker Homes DFW, L.L.C., and Trendmaker Homes, Inc.*, Civil Action No. 4:19-cv-1961 (S.D. Tex.)

**A federal court authorized this notice. This is not a solicitation from a lawyer.**

**Please read this notice carefully. It summarily explains your rights and options to participate in a class action settlement.**

**Davis TCPA Settlement Administrator**

[address]
[city], [state] [zip]

Permit Info here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**ADDRESS SERVICE REQUESTED**

CLAIM ID: << ID>>
<<Name>>
<<Address>>
<<City>>, <<State>> <<Zip>>

# EXHIBIT 5

## [Preliminary Approval Order]

**UNITED STATES DISTRICT COURT**          **SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| Lauren Davis, *on behalf of herself and others similarly situated*, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 4:19-cv-1961 |
| Mindshare Ventures LLC, d/b/a AtlasRTX, Trendmaker Homes DFW, L.L.C., and Trendmaker Homes, Inc., | § § § § | |
| Defendants. | § § | |

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

This Court having been advised that the parties to this action, Lauren Davis ("Plaintiff" or "Class Representative"), and Mindshare Ventures LLC, d/b/a AtlasRTX ("AtlasRTX"), Trendmaker Homes DFW, L.L.C. ("Trendmaker DFW"), and Trendmaker Homes, Inc. ("Trendmaker Homes") (collectively, "Defendants"), through their respective counsel, have agreed, subject to this Court's approval following notice to the settlement class members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the parties' class action settlement agreement ("Agreement"), which Plaintiff filed with this Court:

NOW, THEREFORE, based upon the Agreement and all of the files, records, and proceedings in this matter, and it appearing to this Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on _____, **2020**, after notice to the settlement class members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a

1

final order and judgment should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, Defendants, through a claims administrator, will cause to be served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of each state in which any settlement class member resides.

This Court conditionally certifies this case as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following settlement class:

> All persons throughout the United States (1) to whom Trendmaker DFW or AtlasRTX, on behalf of Trendmaker DFW or Trendmaker Homes, sent, or caused to be sent, a text message, (2) directed to a number assigned to a cellular telephone service, (3) from May 30, 2015 through December 11, 2019, (4) using the AtlasRTX platform/services.

Defendants identified a total of approximately 9,863 settlement class members.

This Court appoints Lauren Davis as the representative for the settlement class, and appoints Aaron D. Radbil, of Greenwald Davidson Radbil PLLC, as class counsel.

This Court preliminarily finds, for settlement purposes only, that this action satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

A.      The settlement class members are so numerous and geographically dispersed that joinder of all of them is impracticable;

B.      There are questions of law and fact common to the settlement class members, which predominate over any individual questions;

C.      Plaintiff's claims are typical of the claims of the settlement class members;

2

D.      Plaintiff and class counsel have fairly and adequately represented and protected the interests of all of the settlement class members; and

E.      Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

This Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, especially in light of: the lack of fraud or collusion behind the settlement; the complexity, expense, and likely duration of the litigation; the stage of the proceedings and the amount of discovery completed; Defendants' defenses; the probability of Plaintiff's success on the merits; the range of possible recovery; and the opinions of class counsel. *See Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 639 n.11 (5th Cir. 2012) (quoting *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)).

This Court also considered the following factors in preliminarily finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

(A)      whether the class representatives and class counsel have adequately represented the class;

(B)      whether the proposal was negotiated at arm's length;

(C)      whether the relief provided for the class is adequate, taking into account:

(i)      the costs, risks, and delay of trial and appeal;

(ii)      the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii)      the terms of any proposed award of attorney's fees, including timing of payment; and

(iv)    any agreement required to be identified under Rule 23(e)(3); and

(D)    whether the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

A third-party settlement administrator—KCC, LLC—will administer the settlement and notification to the settlement class members. The settlement administrator will be responsible for mailing the approved class action notices and settlement checks to the settlement class members. All reasonable costs of notice and administration will be paid from the $1.3 million common settlement fund.

This Court approves the form and substance of the proposed notice of the class action settlement, which includes the postcard notice, the detachable claim form, and the question-and-answer notice to appear on the dedicated settlement website.

The proposed notice and method for notifying the settlement class members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. *See* Fed. R. Civ. P. 23(c)(2)(B); Manual For Complex Litigation § 21.312; *see, e.g.*, *Williams v. Bluestem Brands, Inc.*, No. 8:17-cv-1971-T-27AAS, 2019 WL 1450090, at *2 (M.D. Fla. Apr. 2, 2019); *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS, 2016 WL 6908118, at *2 (M.D. Fla. Nov. 22, 2016).

This Court additionally finds that the proposed notices are clearly designed to advise the settlement class members of their rights.

In accordance with the Agreement, the settlement administrator will mail the notices to the settlement class members as expeditiously as possible, but in no event later than 30 days after this Court's entry of this order, *i.e.*, **no later than _____, 2020**.

Any settlement class member who desires to be excluded from the settlement must send a written request for exclusion to the settlement administrator with a postmark date no later than 75 days after the Court's entry of this order, *i.e.*, **no later than _____, 2020**. To be effective, the written request for exclusion must state the settlement class member's full name, address, telephone number to which text messages were sent, and email address (if available), along with a statement that the settlement class member wishes to be excluded, and must be signed by the settlement class member. Any settlement class member who submits a valid and timely request for exclusion will not be bound by the terms of the Agreement. Any settlement class member who fails to submit a valid and timely request for exclusion will be considered a settlement class member and will be bound by the terms of the Agreement.

Any settlement class member who intends to object to the fairness of this settlement must file a written objection with the Court within 75 days after the Court's entry of this order, *i.e.*, **no later than _____, 2020**. Further, any such settlement class member must, within the same time period, provide a copy of the written objection to class counsel, attention: Aaron D. Radbil, Greenwald Davidson Radbil PLLC, 401 Congress Ave., Ste. 1540, Austin, TX 78701, and counsel for Defendant, attention: Ana Tagvoryan, Blank Rome LLP, 2029 Century Park East, 6th Floor, Los Angeles, CA 90067.

To be effective, a notice of intent to object to the settlement must include the settlement class member's:

        a.      Full name;

        b.      Address;

        c.      Current telephone number;

        d.      Telephone number texted by Defendants, demonstrating membership in the settlement class;

5

e.      Statement demonstrating membership in the settlement class;

f.      Identification of any documentation demonstrating membership in the settlement class;

g.      A statement of the specific objection(s);

h.      A description of the facts underlying the objection(s);

i.      The grounds for the objection(s);

j.      A list of all witnesses the settlement class member intends to call by live testimony, deposition testimony, or affidavit or declaration testimony;

k.      A list of exhibits the settlement class member intends to present; and

l.      A statement noting whether the settlement class member intends to appear at the fairness hearing.

Any settlement class member who has timely filed an objection may appear at the final approval hearing, in person or by counsel, to be heard to the extent allowed by this Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees and costs. Any objection that includes a request for exclusion will be treated as an exclusion. And any settlement class member who submits both an exclusion and an objection will be treated as having excluded himself or herself from the settlement, and will have no standing to object.

If this Court grants final approval of the settlement, the settlement administrator will mail a settlement check to each settlement class member who submits a valid, timely claim.

The Court will conduct a final approval hearing on _____, **2020**, at the U.S. District Court for the Southern District of Texas, 515 Rusk Street, Houston, TX 77002, to review and rule upon the following issues:

A.      Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

B.      Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by the Court;

C.      Whether a final order and judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the released claims against the released parties; and

D.      To discuss and review other issues as the Court deems appropriate.

Attendance by settlement class members at the final approval hearing is not necessary. Settlement class members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement class members wishing to be heard are, however, required to appear at the final approval hearing. The final approval hearing may be postponed, adjourned, transferred, or continued without further notice to the class members.

Memoranda in support of the proposed settlement must be filed with this Court no later than thirty days before the final approval hearing *i.e.*, **no later than _____, 2020**. Opposition briefs to any of the foregoing must be filed no later than fourteen days before the final approval hearing, *i.e.*, **no later than _____, 2020**. Reply memoranda in support of the foregoing must be filed with this Court no later than seven days before the final approval hearing, *i.e.*, **no later than _____, 2020**.

Memoranda in support of any petitions for attorneys' fees and reimbursement of costs and expenses by class counsel, or in support of an incentive award, must be filed with the Court no later than thirty days before the deadline for settlement class members to object to, or exclude themselves from, the settlement (or forty-five days after the Court's entry of this Order), *i.e.*, **no later than _____, 2020**. Opposition briefs to any of the foregoing must be filed

7

no later than thirty days thereafter, *i.e.*, **no later than _____, 2020**. Reply memoranda in support of the foregoing must be filed with this Court no later than fourteen days after the deadline for settlement class members to object to, or exclude themselves from, the settlement.

The Agreement and this order will be null and void if any of the parties terminates the Agreement per its terms. The events described in the Agreement, however, provide grounds for terminating the Agreement only after the parties have attempted and completed good faith negotiations to salvage the settlement but were unable to do so, with the exception of Section III.D.4 related to opt-outs.

If the Agreement or this order are voided, then the Agreement will be of no force and effect and the parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

The Court sets the following schedule:

| **Date** | **Event** |
|---|---|
| | Preliminary Approval Order Entered |
| | Notice Sent (thirty days after entry of Preliminary Approval Order) |
| | Attorneys' Fees Petition Filed (forty-five days after entry of Preliminary Approval Order) |
| | Opposition to Attorneys' Fees Petition (seventy-five days after entry of Preliminary Approval Order) |
| | Deadline to Submit Claims, Send Exclusion, or File Objection (seventy- |

8

five days after entry of Preliminary Approval Order)

Reply in Support of Attorneys' Fees Petition (fourteen days after the
deadline for settlement class members to submit claims, object to, or
exclude themselves from, the settlement)

Motion for Final Approval Filed (thirty days before final approval
hearing)

Opposition to Motion for Final Approval Due (fourteen days before final
approval hearing)

Reply in support of Motion for Final Approval (seven days before final
approval hearing)

Final Approval Hearing Held

IT IS SO ORDERED.

Dated:

_____
UNITED STATES DISTRICT COURT JUDGE

9