United States District Court
Southern District of Texas
**ENTERED**
November 30, 2020
David J. Bradley, Clerk

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

Lauren Davis, *on behalf of herself and others similarly situated*, §§§§

  Plaintiff, §

vs. §   Civil Action No. 4:19-cv-1961

Mindshare Ventures LLC, d/b/a AtlasRTX, Trendmaker Homes DFW, LLC, and Trendmaker Homes, Inc., §§§§

  Defendants. §

## FINAL ORDER AND JUDGMENT

On May 30, 2019, Lauren Davis ("Plaintiff") filed a class action complaint (the "Lawsuit") against Mindshare Ventures LLC, d/b/a AtlasRTX ("AtlasRTX"), Trendmaker Homes DFW, L.L.C. ("Trendmaker DFW"), and Trendmaker Homes, Inc. ("Trendmaker Homes") (collectively, "Defendants"), asserting class claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendants have denied any and all liability alleged in the Lawsuit.

On February 14, 2020, after extensive arms-length negotiations, Plaintiff and Defendants (the "Parties") signed a written class action settlement agreement (the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

Also on February 14, 2020, the Parties filed the Agreement, along with Plaintiff's unopposed motion for preliminary approval of class action settlement (the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendants, through the settlement administrator, served written notice of the

proposed class settlement as directed.

On June 12, 2020, upon consideration of Plaintiff's Preliminary Approval Motion and the record, this Court entered an order of preliminary approval of class action settlement ("Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, this Court, among other things, (i) conditionally approved the proposed settlement and (ii) set the date and time of the final approval hearing.

On July 27, 2020, Plaintiff filed a motion for attorneys' fees, costs, expenses, and an incentive award.

On September 1, 2020, Plaintiff filed a motion for final approval of class action settlement (the "Final Approval Motion").

On November 18, 2020, a final approval hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the claims asserted in the Lawsuit satisfy the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by this Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

This Court has read and considered the Agreement, Motion for Final Approval, motion for attorneys' fees, costs, expenses, and an incentive award, and the record of these proceedings.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is finally certified, for settlement purposes

only, as a class action on behalf of the following settlement class members with respect to the claims asserted in the Lawsuit:

> All persons throughout the United States (1) to whom Trendmaker DFW or AtlasRTX, on behalf of Trendmaker DFW or Trendmaker Homes, sent, or caused to be sent, a text message, (2) directed to a number assigned to a cellular telephone service, (3) from May 30, 2015 through December 11, 2019, (4) using the AtlasRTX platform/services.

Pursuant to Fed. R. Civ. P. 23, this Court finally certifies Lauren Davis as the class representative and Aaron D. Radbil, of Greenwald Davidson Radbil PLLC, as class counsel.

Pursuant to this Court's Preliminary Approval Order, the approved class action notices were mailed. The form and method for notifying the settlement class members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. This Court finds that the notice was clearly designed to advise settlement class members of their rights.

This Court finds that the settlement class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A. The settlement class members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the settlement class members, which predominate over any individual questions;

C. Plaintiff's claims are typical of the claims of the settlement class members;

D. Plaintiff and class counsel have fairly and adequately represented and protected the interests of all settlement class members; and

  E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

This Court finds that the settlement of this action, on the terms and conditions set forth in the Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, when considering, in their totality, the following factors: the lack of fraud or collusion behind the settlement; the complexity, expense, and likely duration of the litigation; the stage of the proceedings and the amount of discovery completed; the probability of Plaintiff's success on the merits; the range of possible recovery; and the opinions of the class counsel and absent class members. *See Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 639 n.11 (5th Cir. 2012).

The Court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

> *Approval of the Proposal*. If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:
>
> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>   (i) the costs, risks, and delay of trial and appeal;
>
>   (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>
>   (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv) any agreement required to be identified under Rule 23(e)(3); and

 (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

As well, this Court grants Plaintiff's motion for attorneys' fees, costs, expenses, and an incentive award, for the well-supported reasons outlined by the motion.

The Agreement, which is deemed incorporated into this order, is finally approved and must be consummated in accordance with its terms and provisions, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

 A. <u>Settlement Fund</u> – Defendants will establish a $1.3 million fund (the "Settlement Fund").

 B. <u>Deductions</u> - The following are to be deducted from the Settlement Fund before any other distributions are made:

  a. The costs and expenses for the administration of the settlement and class notice, including expenses necessary to identify potential settlement class members;

  b. Plaintiff's attorneys' fees, in the amount of one-third of the Settlement Funds, and the reimbursement of class counsel's litigation costs and expenses, in the amount of $7,835.51; and

  c. The Incentive Payment to Plaintiff. Lauren Davis will receive $5,000.00 from the Settlement Fund as acknowledgment of her role in prosecuting claims on behalf of settlement class members.

C. <u>Settlement Payments to Class Members</u> - Each settlement class member who submitted a valid and timely claim form will receive compensation as set forth in the Agreement. Each settlement check will be void one-hundred twenty days after issuance.

D. <u>Released Claims</u> - All claims for relief, whether known or unknown, suspected or unsuspected, that arise out of, concern or relate to the TCPA and other related state laws regarding telemarketing and/or the use of an automatic telephone dialing system to make calls, as of the date of a final Court order approving the Settlement and dismissing the case with prejudice, and which arise from calls made or text messages sent by or on behalf of Defendants to Settlement Class Members.

The settlement class members were given an opportunity to object to the settlement. No settlement class member objected to the settlement. No settlement class member made a valid and timely request for exclusion.

This order is binding on all settlement class members.

Plaintiff, settlement class members, and their successors and assigns are permanently barred from pursuing, either individually or as a class, or in any other capacity, any of the released claims against any of the released parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the released claims are compromised, settled, released, and discharged, by virtue of these proceedings and this order.

This final order and judgment bars and permanently enjoins Plaintiff and all members of the settlement class from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or individual or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), relating to the released claims, and

(b) attempting to effect opt outs of a class of individuals in any lawsuit or arbitration proceeding based on the released claims, except that settlement class members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

The Lawsuit is hereby dismissed with prejudice in all respects.

This order, the Agreement, and any and all negotiations, statements, documents, and proceedings in connection with this settlement are not, and will not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

This Court hereby retains continuing and exclusive jurisdiction over the parties and all matters relating to the Lawsuit or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to class counsel.

Class counsel's request for an award of attorneys' fees of one-third of the settlement fund—or $433,333.33—is approved.

Class counsel's request for reimbursement of reasonable litigation costs and expenses in the total amount of $7,835.51 is approved.

Plaintiff's request for an incentive award of $5,000.00 is approved.

IT IS SO ORDERED.

DATED: 11/30/2020

_____
UNITED STATES DISTRICT JUDGE